James M. CHISM, Plaintiff/Appellant,

v.

NATIONAL HERITAGE LIFE INSUR-
ANCE COMPANY, an Illinois Corpora-
tion, and Does 1 through 10, Defend-
ants/Appellees.

No. 78–3480.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 1980.

Decided Jan. 30, 1981.

Robert Gianelli, Gianelli & Morris, Los
Angeles, Cal., for plaintiff/appellant.

Martha G. Bannerman, Adams, Duque &
Hazeltine, Los Angeles, Cal., for defend-
ants/appellees.

Before WALLACE and NELSON, Circuit
Judges, and WEIGEL,* District Judge.

WEIGEL, District Judge:

Appellant James Chism brought suit in
state court for a declaration of his rights
under a disability insurance contract and
for damages for intentional infliction of
mental distress due to non–payment of dis-
ability benefits. The complaint, filed Feb-
ruary 10, 1978, named National Heritage
Life Insurance Company, an Illinois corpo-

---

* The Honorable Stanley A. Weigel, United States
District Judge for the Northern District of Cali-
fornia, sitting by designation.

ration, (hereafter "National") and ten John Does as defendants.[1] On March 16, 1978, National removed the case to federal court on the ground of diversity of citizenship, *see* 28 U.S.C. § 1441(a).

On May 4, 1978, a court order entitled "Notice of Pre–trial Conference" scheduled that conference for July 17, 1978, directed counsels' attention to the local rules on pre-trial conferences, and warned that failure to abide by the rules would invite severe sanctions:

> "*FAILURE* to comply with these rules *MAY RESULT IN DISMISSAL OF THE ACTION* pursuant to Rules 16(6) and 41(b) the Federal Rules of Civil Procedure and Local Rule 10" (emphasis in original).

When discovery problems prevented adequate preparation for the scheduled pretrial conference, the parties sought a court order continuing it until August 21, 1978. The continuance was granted on June 30, 1978, based upon the representation of counsel that the parties were "proceeding expeditiously with discovery."

National had served Chism with a second set of interrogatories on June 20, 1978, and a third set the next day. Chism did not provide answers on the due date of July 24, 1978. One week later, National's counsel wrote Chism's attorney in San Luis Obispo to inquire about the overdue answers and emphasizing that National needed answers to prepare for the "fast approaching ... Pre–trial Conference date." Chism's counsel ignored the letter. Again, on August 7, 1978, National wrote in a further effort to secure answers. The second letter brought only the response that Chism's attorney was trying to associate Los Angeles counsel. The demand for answers was ignored.

On August 14, 1978, answers to a fourth set of interrogatories were due from Chism and a response to a second request for production was due on the following day. These discovery demands were never met.

Chism, as plaintiff, was required to file a proposed pretrial conference order on August 16, 1978. He did not do so. His neglect caused National to file a proposed order that had previously been submitted to Chism. On August 17, 1978, the pretrial conference was postponed to September 11, 1978, in response to Chism's *ex parte* motion representing that he would soon move to remand.

A flurry of motions was soon to follow. On August 22, 1978, National, its considerable patience exhausted, filed a motion under Fed.R.Civ.P. 37 to dismiss for failure to answer the second and third sets of interrogatories. The next day, National moved for partial summary judgment. On September 1, 1978, Chism filed a motion to remand to state court. On the same day, National moved to strike Chism's pretrial conference memorandum of contentions of fact and law because it failed to comply with a local rule of court (C.D.Cal.Civ.R. 9(e) requiring *inter alia,* a list of prospective witnesses and a list of exhibits). On September 8, 1978, Chism filed a tardy opposition to the motion to dismiss and provided National with the long overdue answers to the second and third sets of interrogatories. On that date, Chism also filed a notice of association of Los Angeles counsel who had actually been retained weeks earlier.

At the hearing of National's motions on September 11, 1978, National's attorney made an oral motion to dismiss in compliance with C.D.Cal.Civ.R. 3(e)(1) providing for oral motions in open court.

In support of the motion to dismiss, National's counsel pointed out that:

> Chism ignored his obligation to file a proposed pretrial order for the August pretrial conference date [R.T. 4];

> Chism's pretrial conference memorandum of fact and law was filed late; it did not contain the lists of witnesses and exhibits required by C.D.Cal.Civ.R. 9(e) [R.T. 4];

---

1. Cal.Civ.Proc. Code § 474 (West 1979) provides for fictitious name pleading: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint ... and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly...." For a discussion of fictitious name pleading in California, *see* Hogan, *California's Unique Doe Defendant Practice: A Fiction Stranger Than Truth,* 30 Stan.L.Rev. 51 (1977).

Chism's opposition to the motion to dismiss was both late and meritless [R.T. 4–5];

Chism's answers to the second and third sets of interrogatories were untimely, inadequate, and violated both C.D.Cal. Civ.R. 6 (interrogatories are to be set out before each answer) and Fed.R.Civ.P. 33 (answers to interrogatories are to be signed by the party) [R.T. 5–6];

Two discovery demands were never met nor answered in any way [R.T. 6];

Opposition to the summary judgment motion was untimely and did not contain a "statement of genuine issues" as required by C.D.Civ.R. 3(g)(2) [R.T. 7];

National was prejudiced in its trial preparation and incurred extra expenses as a result of Chism's delays and failures [R.T. 5].

Chism did not deny the charges made in support of the motion to dismiss. The District Court thereupon granted the motion. Thus ended the federal district court's involvement with this dispute.[2]

The appeal before us presents two questions. The first is generated by appellant's motion for remand to state court.[3]

### Concerning Remand

■ Appellant, a California citizen, contends that the case should be remanded because the Doe defendants destroy complete diversity. He urges that the Does should be presumed to be California citizens.

National urges that the Does should be ignored because the complaint fails to allege a cause of action against them.

In the light of our examination of the complaint as measured against the controlling decisions, we conclude that National's position is correct.

The complaint, in a single opening paragraph, merely refers to "DOES I–X" without any charging allegations against them. Nowhere does it show their relationship to any claim of plaintiff. The complaint does not allege that Chism was injured by any act of any Doe. It fails even to suggest any relationship between the Does and plaintiff or any between the Does and defendant National. All charging allegations refer only to defendant National in the singular. There is not a single charging allegation against any Doe defendant.

The Doe defendants cannot destroy diversity in this case because the complaint asserts no claim of any kind against them or any of them. National and Chism, the only true parties, are of diverse citizenship. Therefore, the district court had subject matter jurisdiction. It would be improper to remand to state court because the complaint fails to state any cause of action against any Doe defendant. *See Grigg v. Southern Pacific Company*, 246 F.2d 613 (9th Cir. 1957); *Thiel v. Southern Pac. Co.*, 126 F.2d 710 (9th Cir.), *cert. denied*, 316 U.S. 698, 62 S.Ct. 1295, 86 L.Ed. 1767 (1942); *Jong v. General Motors Corp.*, 359 F.Supp. 223 (N.D.Cal.1973); *Asher v. Pacific Power & Light Co.*, 249 F.Supp. 671 (N.D.Cal. 1965); *Scurlock v. American President Lines*, 162 F.Supp. 78 (N.D.Cal.1958); and *Bagenas v. Southern Pac. Co.*, 180 F. 887 (C.C.N.D.Cal.1910).

### Concerning Dismissal

■ We turn now to consideration of the propriety of the dismissal with prejudice as ordered by the district court. Chism's be-

---

**2.** Chism filed a new action against National in state court on April 9, 1980. National demurred to his complaint on the ground that dismissal by the federal court was *res judicata* to the new action. The state court overruled the demurrer on June 20, 1980. National's petition to the State Court of Appeal for a writ of mandate to compel the state trial court to vacate its order overruling the demurrer was denied on August 29, 1980.

**3.** Although appellant presented such a motion to the district court, it was not acted upon there. We granted permission to present the motion here. It would have been well had the district court acted upon the challenge to its jurisdiction before exercising it by dismissal. *See In re Bear River Drainage District*, 267 F.2d 849, 851 (10th Cir. 1959); *Kerbow v. Kerbow*, 421 F.Supp. 1253, 1258 (N.D.Tex.1976). However, reversal is unnecessary where, as here, we determine that the district court could not have properly remanded.

havior plainly justified imposition of one or more sanctions in the exercise of its broad discretion. Accordingly the district court's dismissal under Fed.R.Civ.P. 41(b) should not be disturbed unless the court abused that discretion. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam).

The rule in this Circuit, often reiterated, is that the trial court's exercise of discretion will not be disturbed unless we have "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors". *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980); *Huey v. Teledyne, Inc.*, 608 F.2d 1234, 1238 (9th Cir. 1979); *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

In applying the quoted standard of review, we must remember that the district court, not this court, exercises the discretion. As the Supreme Court has stated, "[t]he question . . . is not whether . . . the Court of Appeals, would as an original matter have dismissed the action," *National Hockey, supra*, 427 U.S. at 642, 96 S.Ct. at 2780. The rule is a sound one because the district court before which a case is litigated is in a far better position than a court of appeals to supervise the conduct of the litigants and to determine appropriate sanctions for abusive conduct. *See ACF Industries, Inc., Carter Carburetor Division v. Equal Employment Opportunity Comm.*, 439 U.S. 1081, 1087–88, 99 S.Ct. 865, 868, 59 L.Ed.2d 52 (1979) (Powell, J., dissenting from denial of certiorari). Our task in reviewing the propriety of a sanction imposed by a district court is limited to determining whether we have a "definite and firm conviction" that it was clearly outside the acceptable range. This is a determination which must be made based upon the facts of the particular case. *Ballew v. Southern Pac. Co.*, 428 F.2d 787, 789 (9th Cir. 1970); *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965).

On the facts in this case, we do not have a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *United States v. Sumitomo Marine, supra*.

The record, as summarized earlier in this opinion, makes it manifest that the sanction of dismissal with prejudice was applied only after a persistent pattern of abusive conduct on plaintiff's part. Chism or his attorneys continually flouted discovery rules, failed to comply with pretrial conference obligations, and repeatedly violated the local rules of court. This conduct continued even after a representation to the court that discovery would proceed expeditiously, after a clear warning that the court condemned infractions of the pretrial conference rules, and despite repeated efforts by National to secure compliance without necessity of intervention by the trial court. Plaintiff's misconduct prejudiced his opponent, violated important policies designed to insure efficiency in legal proceedings at the trial court level and persisted to the very end.

Appellant's thwarting of the policies served by the discovery rules was serious misconduct. Disregard of the discovery process deprived the defendant of needed information, increased its litigation expenses and forestalled its preparation for trial. Plaintiff's refusal to provide answers to interrogatories continued despite defendant's repeated efforts to secure responses. Only defendant's motion for dismissal finally brought answers to two sets of interrogatories—answers defendant alleges to have been grossly inadequate. Even the threat of dismissal did not dissuade plaintiff from ignoring yet other proper discovery demands, including a third set of interrogatories and a demand for production of documents. Eventually, plaintiff's failure to abide by the rules governing discovery embroiled the trial judge "in day–to–day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules". *Dellums v. Powell*, 566 F.2d 231, 235–236 (D.C.Cir.1977) (finding abuse of discretion where trial court vacat-

ed dismissal of a plaintiff who failed to answer interrogatories).

Appellant's actions also undermined effective utilization of the pretrial conference procedure. Indeed, failure to provide discovery, lists of witnesses and of exhibits precluded any meaningful pretrial conference. *See Transamerica Corp. v. Transamerica Bancgrowth Corp.*, 627 F.2d 963 (9th Cir. 1980) (upholding dismissal for failure to be prepared at a pretrial conference).

Appellant showed continued disregard for his obligations to the court by late filing of oppositions to National's motions. The local rules established time limits to provide the court adequate opportunity to consider papers filed by the parties. Appellant's disregard of these rules frustrated that salient purpose.

Appellant's misconduct also contributed to court congestion by wasting valuable court time. Indulgent toleration for the misconduct of lawyers and litigants is a luxury the overcrowded federal courts cannot afford. Renfrew, *Discovery Sanctions*: *A Judicial Perspective*, 67 Cal.L.Rev. 264, 275–76 (1979). "[F]airness to other litigants, whether in the same case or merely in the same court (as competitors for scarce judicial resources), requires us to affirm and endorse the district court's action here". *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980).

Finally, it was reasonable for the district court to conclude that the future held only the prospect of continued improprieties by Appellant. Appellant's excuses were lame. Association of additional counsel in early August did not cure the problem. Discovery requests continued to be unanswered and papers were not timely filed. In the light of all the facts, the district court did not abuse its discretion by imposing the sanction of dismissal with prejudice.

In upholding the district court's dismissal of this action, we recognize that the result may well penalize Appellant more directly than his counsel. However, that is the consequence of the rule allowing dismissals. In recognizing the relative hardship upon Appellant as distinguished from counsel, it

must be kept in mind that district courts cannot function efficiently unless they can effectively require compliance with reasonable rules. Absence of meaningful power to require that compliance would make for disorder and preclude effective judicial administration at the trial court level.

In assessing the consequences of our decision upon Appellant as distinguished from his counsel, it must be remembered that Appellant "voluntarily chose [his attorneys] as his representative[s] in the action, and he cannot now avoid the consequences of the acts or omissions of [these] freely selected agent[s]". *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *see also Chira, supra* ; *Kung v. Fom Inv. Corp.*, 563 F.2d 1316, 1318 (9th Cir. 1977); *Anderson, supra*, at 526.

The dismissal with prejudice in this case was not an abuse of the discretion reposed in the trial court.

AFFIRMED.