**The HARTWELL CORPORATION, a corporation of California, Plaintiff-Appellant,**

v.

**The BOEING COMPANY, a corporation of Delaware; Does I–X, corporations; and Does XI–XX, individuals, Defendants-Appellees,**

**Avibank Manufacturing, Inc., Intervening Defendant-Appellee.**

**No. 81–5357.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1981.

Decided June 4, 1982.

As Amended Aug. 11, 1982.

Roland N. Smoot, Los Angeles, Cal., for plaintiff-appellant.

Douglas L. Thorpe, Johnsen, Manfredi & Thorpe, Los Angeles, Cal., for defendants-appellees.

Before CANBY and NORRIS, Circuit Judges, and JAMESON,* District Judge.

NORRIS, Circuit Judge:

Hartwell originally filed this unfair competition action in California Superior Court against the Boeing Company and 20 fictitious Doe defendants.[1] In its complaint, Hartwell alleged that Boeing had wrongfully disclosed Hartwell's trade secrets to certain unidentified Hartwell competitors. The only charging allegation against the Does were that they had, in some unspecified fashion, participated in Boeing's wrongful actions. Boeing immediately removed the matter to federal district court, pursuant to 28 U.S.C. § 1441, claiming that the Does were "phantoms" and that diversity existed between the only true parties, Hartwell and Boeing. Eight months later, Hartwell moved to remand the case to state court, claiming that the Doe defendants defeated diversity jurisdiction. The district court denied the motion because of Hartwell's failure to identify the Does with any specificity. Hartwell appeals that order. We noted jurisdiction under 28 U.S.C. § 1292(b), *Hartwell Corp. v. Boeing Co.*, No. 81–8051 (9th Cir. May 12, 1981) (order), and now affirm.

Hartwell claims that it has identified the Doe defendants with sufficient specificity to defeat diversity jurisdiction because its complaint identifies the Does as

---

* The Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

1. California allows pleading of fictitious "Doe" defendants. "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint ... and such defendant may be designated in any pleading or proceeding by any name ...." Cal.Civ.Proc.Code § 474 (West); *see Chism v. National Heritage Life Insurance Co.*, 637 F.2d 1328, 1329 n. 1 (9th Cir. 1981).

Hartwell's competitors who received the trade secrets from Boeing. As we read the complaint, however, it gives us no clue that the Does are the Hartwell competitors or that they received trade secrets from Boeing. In paragraphs ten to fifteen of the complaint, Hartwell alleges that *on four different occasions* Boeing disclosed Hartwell's trade secrets "to other parties who compete with HARTWELL." These "other parties" are never connected with the Does. The only charging allegation against the Does, which appears in paragraph four, is that they "participated in the acts hereinafter complained of, either by ratifying them, or cooperating in them, or otherwise . . . ." [2]

In short, Hartwell's Does are mentioned in the caption of the complaint and in a single general charging allegation that they "participated" in Boeing's allegedly wrongful acts. In this respect, we find Hartwell's complaint indistinguishable from the complaint at issue in *Asher v. Pacific Power & Light Co.*, 249 F.Supp. 671 (N.D.Cal.1965). There Asher "listed" ten Doe defendants in its complaint, but made "no other mention [of the Does] except that the plural 'defendants' [was] used in each cause of action and in the prayer." *Id.* at 673. In *Asher*, the court held that the plaintiff had identified the Does with insufficient specificity to defeat diversity jurisdiction. *Id.* at 676.

We find Judge MacBride's reasoning in *Asher* persuasive.[3] He contrasted two cases that exemplified the extremes of Doe pleading: one where the plaintiff merely mentioned the Does in the caption of the complaint, *Grigg v. Southern Pacific Co.*, 246 F.2d 613, 619–20 (9th Cir. 1957); the other where the plaintiff's allegations revealed the Does' "actionable conduct [and] physical appearance . . .," *Grosso v. Butte Elec. Ry.*, 217 F. 422, 423 (D.Mont.1914). *Asher*, 249 F.Supp. at 675–76. From this comparison, Judge MacBride concluded that allegations concerning Doe defendants must provide some "clue as to whom [the Doe allegations] pertain." *Id.* at 676.[4]

Of course, Doe pleading by its very nature cannot provide the highest level of specificity. But the defendant and the court must be given some basis for believing the Doe pleading is not a mere sham. Thus, as we read and adopt the specificity rule of *Asher*, a plaintiff cannot defeat diversity merely by inserting an unidentified Doe into a complaint without giving us some clue who the Doe might be, how the Doe might fit into the charging allegations, or how the Doe might relate to other parties.

Applying this rule here, we conclude that Hartwell's complaint gives us no better clue as to the identity of the Does than Asher's did. If Hartwell had in mind that the Does were the competitors who allegedly received trade secrets from Boeing, it could easily have said so.[5] But it did not.

Hartwell argues that we disapproved the specificity rule of *Asher* in *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 77 n.2 (9th Cir. 1979). We disagree. *Preaseau* did not involve a Doe pleading as bare as Asher's or Hartwell's. "Preaseau in her pleadings identified the Doe defendants as the 'agents/employees of the remaining defendants' . . . . *Id.*[6] Rather than conflicting

---

**2.** The only other reference to the Does in the complaint is a disclaimer that "HARTWELL is uncertain as to [the Does] relationship with BOEING, or their association with BOEING . . . ."

**3.** We note that *Asher* was cited with approval in *Chism v. National Heritage Life Insurance Co.*, 637 F.2d 1328, 1330 (9th Cir. 1981).

**4.** *See also* 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3642, at 126 (1976) ("Therefore the mere naming of a Doe defendant in a joint action against a nonresident does not automatically defeat the right of removal and several courts have upheld removal when it was clear that no real claim was being asserted against the unnamed defendant.").

**5.** Hartwell argues that intervention by Avibank Manufacturing, Inc., a California citizen and competitor of Hartwell, is proof that the com-

plaint gives a clue that the Does include the competitors. In effect, Hartwell asks us to find that Avibank learned that Hartwell intended it to be a Doe defendant from the complaint alone and not from some other source. We find no support in the record for Hartwell's argument.

**6.** The issue in *Preaseau* was whether a defendant's removal petition was timely if filed more than 30 days after receipt of plaintiff's complaint, but less than 30 days after the defendant learned that the fictitious Does were no longer part of the action. 28 U.S.C. § 1446(b) provides that a removal petition must be filed within 30 days of the defendant's learning that the case is removable. *Preaseau*, 591 F.2d at 76. Our court held that the 30 day time period did not commence—and thus the action was not removable—until the defendant learned that the Does were no longer part of the action. Thus, the court implicitly held that the action was not removable upon service of the complaint. As we explain in text, this implicit

with the instant case or disapproving the rule of *Asher,* we think *Preaseau* provides an example of Doe pleading that passes the specificity test of *Asher.* In contrast with Hartwell and Asher, Preaseau gave some clue as to the possible identity of her Doe defendants.

Thus, since Hartwell's complaint offered no reason for believing the Does were more than mere phantoms or shams, Boeing properly removed to federal court, and Hartwell cannot now claim that the Doe pleading defeated diversity jurisdiction.

AFFIRMED.

holding is consistent with the rule of specificity we apply today because in *Preaseau* the Doe defendants were pleaded with sufficient speci-

ficity to give the defendant some clue as to who they were.