Gary BRYANT, Plaintiff-Appellant,

v.

FORD MOTOR CO.,
Defendant-Appellee.

Nos. 84–6389, 85–5698.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1985.

Decided July 11, 1986.

As Amended July 18. and Aug. 4, 1986.

Michael L. Goldberg, Washington, D.C., for plaintiff-appellant.

Richard A. Goette, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for defendant-appellee.

Before WALLACE, HUG, and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Plaintiff-appellant Gary Bryant appeals from the decision of the district court granting summary judgment in favor of defendant-appellee Ford Motor Company. We conclude that the district court lacked jurisdiction over this action because of the presence of potentially non-diverse Doe defendants at the time of removal from state court.

## I

Bryant originated this action for negligence, breach of warranty, and strict liability in California state court against Ford and Does 1 through 50. Ford removed the action to the United States District Court for the Central District of California.

Bryant seeks recovery for injuries he sustained in an accident while driving a Ford van for United Parcel Service on March 1, 1983. Bryant contends that the passive restraint system in the van was defective because it did not include a shoulder harness. Bryant's complaint alleges that Does 1 through 50 are related to each other and to Ford as "agents, servants, employees and/or joint venturers." Bryant claims that Ford and each of the Does were involved in the design, production, inspection, and distribution of the van which Bryant was driving at the time of the accident.

A joint inspection of the van by the parties on May 10, 1984 revealed that Ford had produced only the chassis of the van. The body and other components, including the passive restraint system, were produced by other companies as part of the joint venture. The companies responsible for producing the component parts could not be identified at the time of removal or the time of inspection because the van was produced in 1968 and Ford destroys records of this type after ten years. Bryant subsequently identified City Ford Company as the seller of the van, General Seating and Sash Company (General Seating) as the producer of the seats, and Grumman-Olson Company as the producer of the body. City Ford and Grumman-Olson are California corporations.

The district court granted Ford's motion for summary judgment, concluding that there were no material facts as to Ford's liability because of the inspection evidence that Ford was not involved in the production of the passive restraint system. Bryant then moved the court to add City Ford, General Seating, and Grumman-Olson to the cause of action. The district court refused Bryant's motion, finding that the presence of non-diverse parties was not new evidence justifying relief from judgment under Rule 60(b). Bryant appealed the grant of summary judgment. We granted a limited remand at Bryant's request for the district court to again reconsider its previous rulings. The district court again refused to join the additional parties, and this appeal of the district court's rulings followed.

## II

The presence of unidentified Doe defendants at the time of removal creates difficulties for federal courts in determining whether diversity jurisdiction is present, and hence whether removal is proper. Despite state law rules of procedure which permit the filing of actions against Doe defendants without any evi-

dence of the Doe's identity, *see, e.g.,* Cal. Code Civ.Proc. § 474, the district court must determine the identity and citizenship of Doe defendants in order to evaluate diversity of citizenship. *See, e.g., Hartwell Corp. v. Boeing Co.,* 678 F.2d 842, 842–43 & n. 1 (9th Cir.1982); *Chism v. National Heritage Life Insurance Co.,* 637 F.2d 1328, 1330 (9th Cir.1981). Ordinarily the presence of Doe defendants defeats diversity jurisdiction. *Othman v. Globe Indemnity Co.,* 759 F.2d 1458, 1462 (9th Cir.1985). We have recognized exceptions to this rule when the Does are wholly fictitious, *see, e.g., Grigg v. Southern Pacific Co.,* 246 F.2d 613, 619 (9th Cir.1957), or when the charges against the Does are so general that no clue is given as to their identity or their relationship to the cause of action, *see, e.g., Hartwell,* 678 F.2d at 842–43; *Chism,* 637 F.2d at 1330.[1] The rationale for both of these exceptions is a balance between the limited jurisdiction of federal courts and the need to prohibit plaintiffs who initiate actions in state court from defeating removal jurisdiction by the use of pleading fictions.

■ The exception for wholly fictitious Does simply recognizes that diversity jurisdiction, and hence the availability of removal, cannot possibly be affected by Does which are included in the state court complaint as a matter of course even though no other possible parties to the action exist. As we stated in *Grigg,* "Does [who] live not and are accused of nothing, should not divert the course of justice." 246 F.2d at 620. When the Does in state court plead-

ings are wholly fictitious, the federal district court can judge diversity on the basis of the citizenship of the named parties to the action without fear that its determination will be affected by the later discovery of non-diverse parties.

■ The exception for Doe pleadings which give no clue as to the identity of the Does or their relationship to the cause of action is essentially a practical application of the exception for wholly fictitious Does. In some instances the Doe pleadings are so general that the district court may conclude that the Does do not exist or do not have any relationship to the action even though the parties have not conceded that the Does are fictitious. For example, if the Does are mentioned in the caption to the case or listed as parties but no indication is given regarding their identity or how their activities give rise to a cause of action, the district court may conclude that the Does will never be parties to the action and evaluate removal jurisdiction accordingly. *See, e.g., Hartwell,* 678 F.2d at 842 (Does mentioned in caption and described generally as participating in the alleged wrongdoing without any description of their role); *Chism,* 637 F.2d at 1330 (Does not included in any charging allegations); *Asher v. Pacific Power & Light Co.,* 249 F.Supp. 671, 675–77 (N.D. Cal.1965) (Does not included in charging allegations, and nature of nuisance cause of action indicated that only appropriate defendant was the company, not Does). We emphasize that this is a very limited exception to the general rule that Does defeat diversity jurisdiction, and

---

1. In *Othman,* 759 F.2d at 1462 n. 7, we noted some confusion in our previous decisions regarding whether the district court should examine the specificity with which the Does have been pleaded in determining whether removal is appropriate or whether the presence of Does always defeats diversity jurisdiction, and hence removal. A close examination indicates that our previous decisions are reconcilable. In dicta in *Preaseau v. Prudential Ins. Co.,* 591 F.2d 74, 77 n. 2 (9th Cir.1979), we questioned whether the specificity of Doe pleadings ever should be examined, but actually held that specificity would not be considered *in determining whether defendant's petition for removal after Does had been dismissed from the action was timely, id.* at

76–79 & n. 2. Our holding in *Preaseau* prohibits plaintiffs from using Doe pleadings to trap defendants into untimely petitions for removal. *Preaseau* does not address the situation in which a defendant comes forward within the initial thirty days permitted by 28 U.S.C. § 1446(b) and claims that removal is appropriate because the Does are fictitious. *Id.* at 77 n. 2. When a defendant comes forward with such allegations we have consistently examined the specificity of the Doe pleadings to determine diversity and the availability of removal. *See Hartwell,* 678 F.2d at 842–43 & n. 1; *Chism,* 637 F.2d at 1330; *Grigg,* 246 F.2d at 620; *Southern Pacific Co. v. Haight,* 126 F.2d 900, 904 (9th Cir.), *cert. denied,* 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 242 (1942).

we will treat it as such. If the pleadings provide *any* information regarding the identity of the Does and their relationship to the action, the district court should remand the case to the state court. *See, e.g., Pullman Co. v. Jenkins*, 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939) (Doe identified as allegedly negligent porter but citizenship unknown); *Preaseau*, 591 F.2d at 77 n. 2 (Does identified as agents or employees of other defendants) (dicta).[2] Once the existence of the Does, their citizenship, and their relationship to the cause of action is defined sufficiently, removal may be sought if the new information establishes that all parties are diverse. *Cf. Preaseau*, 591 F.2d at 76–79 (petition for removal filed immediately after Doe defendants were dismissed from action is timely).

In this case removal was premature because Does 1 through 50 did not fall within the above exceptions. Bryant's complaint identified the Does as agents, employees or joint venturers of Ford. The charging allegations accuse the Does of participating in the allegedly negligent production of the van and its component parts. Both parties recognized that there was a strong possibility that other companies were involved in the production of the van, although the companies could not be identified at the time of removal because records of the joint venture had been destroyed. Because the Does were real but unidentified people or entities the district court could not determine whether the Does would defeat diversity jurisdiction once they were identified, and, therefore, should have remanded the case to the state court. That City Ford and Grumman-Olson turned out to be California corporations which are not diverse as to Bryant demonstrates the reason for denying removal when allegations against real but unidentified Does are present.[3]

### III

The decision of the district court is VACATED. We REMAND to the district court with instructions to remand to the appropriate state court, each party to bear its own costs for this appeal.

WALLACE, Circuit Judge, concurring:

I concur in the majority opinion except for footnote 2, in which the majority advises the district courts how best to respond to Doe pleadings in petitions for removal. Our responsibility, as I understand it, is confined to interpreting and applying the law to the issues presented to us. We do not possess a general power that authorizes us to advise the district courts which course of action they should select from among the many possible alternatives that fall within legal constraints. Such advice, in my judgment, should be given at judicial seminars and conferences. Although the advice of one or two judges is important, I believe it should not be part of a decision speaking for the entire court.

---

**2.** In order to proceed with maximum caution, it will usually be advisable for the district court to issue an order to show cause why the case should not be remanded to the state court when the state court complaint contains Doe allegations and removal is sought on the basis of diversity. If the party seeking removal claims that the Does are fictitious in its petition for removal or in response to an order to show cause, the district court may also wish to require a response in writing or by hearing from the state court plaintiff who filed the Doe allegations.

**3.** Because we find that removal was improper we do not reach the question of whether the proposed amendment of pleadings to identify City Ford, Grumman-Olson, and General Seating as the Doe defendants relates back to the filing of Bryant's original state court complaint. *See Lindley v. General Electric Co.,* 780 F.2d 797 (9th Cir.1986).