Frank V. INCOPERO

v.

FARMERS INSURANCE EXCHANGE, Truck Insurance Exchange, Does I through X, inclusive.

No. CV–R–86–99–ECR.

United States District Court,
D. Nevada.

Sept. 8, 1986.

F. Thomas Eck, Carson City, Nev., for plaintiff.

Loyal Robert Hibbs, Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

On January 17, 1986, plaintiff commenced this action by filing a complaint in the Second Judicial District Court of the State of Nevada. In the complaint, the plaintiff alleges that defendants Farmers Insurance Exchange and Truck Insurance Exchange are liable to him on contract and tort theories for general and punitive damages in excess of $10,000. These actions arise out of a claim which the plaintiff filed upon his insurance policy issued by the defendants. In addition, the complaint alleges in its first paragraph that

[T]he true names and capacities whether individual, corporate, associate or otherwise of Defendants, DOES I through X, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore, alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and legally caused injury and damages proximately thereby to Plaintiff as herein alleged. Plaintiff is informed and believes and thereon alleges that DOES I through X, inclusive, are residents and citizens of the State of Nevada or are corporations doing business in the State of Nevada. Plaintiff is informed and believes and thereon alleges that Defendants participated in processing Plaintiff's claim for benefits under the contract for insurance, which is the subject matter of this action.

On February 26, 1986, the defendants filed a petition to remove this action from the state court to this Court. The defendants allege that this claim is one in which the federal courts have original subject matter jurisdiction, as all elements of the diversity statute, 28 U.S.C. § 1332, have been satisfied. In that complete diversity exists among all defendants and the plaintiff, and that the amount in controversy is greater than $10,000, argue the defendants, the case is one which may be removed pursuant to the provisions of 28 U.S.C. § 1441.

On May 16, 1986, however, the plaintiff filed a motion to remand this action to the state court, contending that the naming of the fictitious defendants in the first paragraph of the complaint destroys complete diversity of citizenship, and that the requirements of the diversity statute are thus not met. Defendants, on the other hand, argue that the naming of the fictitious defendants in this case is a mere sham, perpetrated by the plaintiff to destroy federal subject matter jurisdiction. Therefore, they conclude, removal is proper. Further, the defendants contend that

the plaintiff has alleged these "Doe" defendants to be mere "residents" of the State of Nevada, whereas an allegation of state citizenship is required to satisfy the diversity statute.

## FICTITIOUS DEFENDANTS AND REMOVAL JURISDICTION

The United States Supreme Court has spoken only once on the relationship of the fictitious defendants to diversity subject matter jurisdiction. In *Pullman Company v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939), the Court noted that the presence of a fictitious defendant in a state court case may, in certain circumstances, defeat diversity jurisdiction on a petition for removal. In this case, the plaintiff had charged the Pullman company and a Pullman porter designated as "John Doe One" with negligence in allowing a disorderly passenger to board a train. The plaintiff was a citizen of California, and the defendant was a citizen of Illinois. The complaint, however, contained no allegation as to the citizenship of the fictitiously named porter. The defendant removed the case to federal court, but the plaintiff petitioned for remand, arguing that the presence of the fictitious defendant destroyed the complete diversity necessary to create federal subject matter jurisdiction. *Id.* at 536–37, 59 S.Ct. at 348.

The Court held that the fictitious naming of the porter prevented removal. *Id.* at 540, 59 S.Ct. at 350. Stressing that the Doe defendant's "relation to the Pullman Company and his negligence as its servant were fully alleged," the Court found it incumbent upon the Company "to show that [the porter] was a non-resident in order to justify removal." *Id.* Anticipating that the useful procedure of naming fictitious defendants might be abused as a means of defeating federal subject matter jurisdiction as a result of its holding, the Court also noted that the Doe defendant in this case had not been fraudulently named. *Id.* at 541, 59 S.Ct. at 350. If the fictitious defendant had been fraudulently named, the Court cautioned, then it would be "open to the Non-resident defendant to show that

the resident defendant has not been joined in good faith and for that reason could not be considered in determining the right to remove." *Id.*

In the wake of *Pullman*, the Ninth Circuit has issued a long line of decisions on fictitious defendants, culminating in *Bryant v. Ford Motor Co.*, 794 F.2d 450 (9th Cir.1986). In that case, the plaintiff originated the action for negligence, breach of warranty, and strict liability in the state courts of California. In the complaint, the plaintiff named not only the Ford Motor Company, but also fifty Doe defendants which were allegedly related to Ford as "agents, servants, employees and/or joint venturers." *Id.*, at 451. The plaintiff further alleged that Ford and all of the defendants were involved in the design, production, inspection, and the distribution of the vehicle which had caused the plaintiff's injury. *Id.*

Ford then removed the case to federal court, and immediately moved for summary judgment, arguing that it had produced only the chassis of the vehicle, whereas the plaintiff's injuries were actually caused by the passive restraint system produced by other companies as part of a joint venture. The district court granted this motion, in that there were no material facts implicating Ford in the production of the passive restraint system. The plaintiff then moved, under Fed.R.Civ.P. 60(b) to add as defendants City Ford, General Seating, and Grumman Olson, but the district court denied the motion, finding that such a request was not proper under Rule 60(b). Following this refusal to join these parties, the plaintiff sought relief from the Ninth Circuit.

Initially, the court found that it was always incumbent upon the district courts to evaluate the identity and citizenship of Doe defendants, in that the resolution of that question bears upon diversity subject matter jurisdiction. *Id.* at 452 (*citing Hartwell Corp. v. Boeing Co.*, 678 F.2d 842, 842–43 and n. 1 (9th Cir.1982); *Chism v. National Heritage Life Insurance Co.*, 637 F.2d 1328, 1330 (9th Cir.1981)). In addition, the

court noted, the presence of Doe defendants ordinarily defeats diversity jurisdiction. *Id.*, at 452 (*citing Othman v. Globe Indemnity Co.*, 759 F.2d 1458, 1462 (9th Cir.1985). The court noted, however, that a district court can disregard fictitious defendants when the charges against the Does are so general that no clue is given to their identity or their relationship to the cause of action, or when the Does are wholly fictitious. *Id., citing Hartwell*, 678 F.2d at 842–43; *Chism*, 637 F.2d at 1330; and *Grigg v. Southern Pacific Co.*, 246 F.2d 613, 619 (9th Cir.1957). Although some courts have treated these exceptions as two distinct planks for the purposes of analysis, *see Abels v. State Farm Fire and Casualty Company*, 770 F.2d 26, 29 (3rd Cir. 1985), the Ninth Circuit held that "[t]he exception for Doe pleadings which give no clue as to the identity of the Does or their relationship to the cause of action is essentially a practical application of the exception for wholly fictitious Does." *Bryant,* at 452. *See also Weber by Weber v. Metropolitan Life Ins. Co.*, 554 F.Supp. 553 (D.Nev.1982). Thus, the court held that in some cases the Doe pleadings will be so general that the district court may find that the Does do not really exist or that they have no relationship to the cause of action. In such limited cases, the court held, a district court may properly disregard the Does when determining federal subject matter jurisdiction.

In this case, however, the court found that the district court had improperly disregarded the Doe defendants, in that the Does named in Bryant's complaint did not fall within the above exception. *Id.*, at 453. Initially, the court noted that the complaint named the Does as "agents, employees or joint venturers of Ford." *Id.* Further, the court found that the charging allegations accused the Does of participating in the negligent production of the vehicle and its component parts. Finally, both parties in the case recognized that there was a strong possibility that other companies were involved in the production, although they could not be identified at the time of removal due to routine destruction of records

on the part of Ford. Therefore, because the Does were real, but unidentified people and entities, the district court should have denied Ford's petition for removal outright.

■ The present case bears resemblance to *Bryant,* in that the complaint alleges that "Defendant Does VI through X were agents and employees of the remaining Defendants and were at all times acting within the purpose and scope of agency and employment ..." Although this allegation does not include all of the Doe defendants, it is clear that at least some of the Does are alleged to have been employees of the named defendants, operating within the scope of their employment. More importantly, the complaint in this case charges that all of the defendants, including the Does, have breached their duty of good faith and fair dealing by failing to make payments to the plaintiff to which he was entitled, to investigate and process the plaintiff's complaint reasonably, and to attempt in good faith to effectuate a fair settlement of the plaintiff's claim. Thus, all of the defendants, including the fictitiously named ones, allegedly had some hand in the acts which allegedly resulted in the plaintiff's loss, according to the complaint. Although the Does in this case are not identified with the specificity which a Code pleading state would require, that is not required to prevent federal subject matter jurisdiction here, as reasonable indication is given of their identity and relationship to the cause of action. Therefore, the presence of the Doe defendants in this action destroys diversity, and removal is not proper. If, at some point, all of the fictitious defendants in the case are dismissed, or if they are named and are also found to be diverse from plaintiff, this case would become removable under 28 U.S.C. § 1446(b). At the present juncture, however, the case is not removable.

RESIDENCE AND CITIZENSHIP

Defendants further allege that diversity is complete in this case, and that removal is therefore proper, in that the plaintiff has merely alleged these Doe defendants to be

*residents* of the State of Nevada, not citizens. The first paragraph of the complaint, moreover, alleges that Does are both residents and citizens of Nevada. Defendants' argument on this point is thus meritless.

## MOTION FOR RULE 11 FEES

In its motion to remand, the plaintiff has moved for fees under Fed.R.Civ.P. 11, which provides in relevant part that the signature of an attorney on a pleading is an affirmation that the pleading or motion is based on existing law or on a good faith argument for the extension, modification, or reversal of existing law, and that the pleading has not been interposed for any dilatory or other improper purpose. The Rule thus contemplates that fees are available only where there is no reasonable belief that the motion is based on existing law or that the motion is not made in a good faith attempt to change existing law. In this case, it is clear to the Court that defendants' argument in its opposition to plaintiff's motion to remand was not made in bad faith, in that defendants' brief argues cogently for the inclusion of these Doe defendants in the exception spelled out in *Bryant.* Defendants' argument is thus based on existing law. The fact that these facts do fit precisely enough within the *Bryant* formula as to justify denying the removal petition does not evince bad faith or a dilatory or improper motive on the part of the defendants.

IT IS, THEREFORE, HEREBY ORDERED that the motion to remand shall be GRANTED. This case is therefore remanded to the Second Judicial District Court of the State of Nevada.

IT IS FURTHER ORDERED that the motion for attorney's fees under Fed.R. Civ.P. 11 is DENIED.