Seta APELIAN, Plaintiff,

v.

UNITED STATES SHOE CORPORATION, dba Casual Corner, and Does I through XX, inclusive, Defendants.

No. CV 87–1158 JMI (Gx).

United States District Court,
C.D. California.

July 17, 1987.

William R. Smith, San Fernando Valley Neighborhood Legal Service, Pacoima, Cal., for plaintiff.

James L. Morris, Ernest W. Klatte, III, Rutan & Tucker, Costa Mesa, Cal., for defendants.

## OPINION and ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT

IDEMAN, District Judge.

On May 6, 1987, the plaintiff filed a Motion to Remand her action pursuant to 28 U.S.C. § 1441(b) on the grounds that the presence of Doe defendants, who are citizens of California, defeats removal jurisdiction. The defendants filed a timely opposition to plaintiff's Motion to Remand. Thereafter, the Court took the matter under submission. After full consideration of the moving and responding papers, and the file in the case, the plaintiff's Motion to Remand is GRANTED pursuant to 28 U.S.C. § 1441(b).

## BACKGROUND

The plaintiff, Seta Apelian, (hereinafter "Apelian"), has sued the United States Shoe Corporation, dba Casual Corner, an unincorporated division of United States Shoe, (hereinafter "US Shoe"), and Does I through XX for wrongful termination, employment discrimination, negligent infliction of emotional distress, and intentional infliction of emotional distress. On March 4, 1985, Apelian obtained employment from US Shoe and began working at defendant's store in Woodland Hills, California. On June 1, 1985, plaintiff learned that she was pregnant and thereafter met with Does I and II, her managers at the store, to inform them of her pregnancy. Does I and II allegedly suggested to plaintiff that she abort her pregnancy. Following repeated requests by Does I and II to obtain an abortion, plaintiff requested a transfer to another store. However, she subsequently agreed to the suggestion by Doe I that she take a leave of absence for one week.

Several weeks after her return, plaintiff was transferred to defendant's store in Thousand Oaks, California, and her hours were reduced from 40 hours per week to 20 hours per week. Plaintiff's request to her new manager, Doe III, for additional hours was allegedly denied because of unavailability. On August 8, 1985, Apelian requested two days leave due to her husband's illness. Plaintiff's husband died on August 11, 1985 and she took two weeks off. Later that month and upon her return to work, Doe III informed her that her hours were further reduced to 10 hours per week.

Plaintiff then sought unemployment insurance benefits from the California Development Department on September 8, 1985. Doe III confronted plaintiff, challenged her reasons for filing for benefits, and accused her of trying to get back at the company. US Shoe terminated plaintiff on October 15, 1985 for alleged insubordination. Consequently, plaintiff claims to be suffering from emotional distress.

Plaintiff filed her action on October 15, 1986 in Los Angeles Superior Court. The complaint names US Shoe, dba Casual Corner, and Does I through XX. Plaintiff is a citizen of Lebanon. Defendant US Shoe is a citizen of Ohio, with its principal place of business in Connecticut. Does I through XX are residents of Los Angeles and Ventura Counties. On February 23, 1987, defendant US Shoe filed a timely Petition for Removal, pursuant to 28 U.S.C. § 1441(b). US Shoe contends that the Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) and, therefore, removal was proper. Plaintiff seeks remand of the action to state court pursuant to 28 U.S.C. § 1441(b). Plaintiff alleges that the Doe defendants are citizens of California, the state in which the action is brought, and therefore, removal was improper.

## ANALYSIS

■ This is a case of first impression. The issue pending before the Court is whether the California citizenship of the Doe defendants defeats removal jurisdiction since some of the Doe defendants are citizens of the state in which the federal court sits. There is complete diversity of citizenship between the plaintiff, the named defendant, and the Doe defendants. However, 28 U.S.C. § 1441(b) provides that an action can be removed to federal court based on diversity of citizenship *only* if none of the defendants, properly joined and served, are citizens of the state in which the federal court is located. Therefore, if any of the defendants are citizens of California, the removal is improper.

The policy underlying removal to federal court is to protect non-resident defendants from possible bias in state courts. In cases where at least one defendant is a citizen of the forum state, section 1441(b) prevents removal since the lack of prejudice towards the citizen defendant is felt to extend to all defendants who are viewed collectively. Furthermore, a balance must be struck between the "limited jurisdiction of federal courts and the need to prohibit plaintiffs who initiate actions in state court from defeating removal jurisdiction by the use of pleading fictions." *Bryant v. Ford Motor Co.*, 794 F.2d 450, 452 (9th Cir.1986).

The defendant, US Shoe, contends that there is no Ninth Circuit case law which holds that if a Doe defendant is a citizen of the state in which the federal court is located, then removal is improper. Furthermore, defendant points out that plaintiff's reliance on *Bryant v. Ford Motor Co.*, 794 F.2d 450 (9th Cir.1986), is misplaced since the *Bryant* case deals with whether the presence of Doe defendants defeats diversity jurisdiction. Although defendant is correct in noting that the *Bryant* case is not directly on point, it is a good starting place for determining the Ninth Circuit approach to removal of actions involving Doe defendants.

In *Bryant*, the Court considered the Doe defendants in determining whether there was complete diversity of citizenship in order to determine if removal to the federal court was proper. Similarly, in the instant action, the Court considered whether the Doe defendants were citizens of the state in which the federal court sits in determining if removal was proper. Since the Doe defendants are California citizens, the Court concludes that removal was improper.

Alternatively, the defendant contends that the Doe defendants were fraudulently joined, and should not be considered by the Court in determining whether removal was proper. Fraudulent joinder is a term of art applicable where the plaintiff has no possible grounds for recovering against the defendants. 1A J. Moore, B. Ringle & J. Wicker, *Moore's Federal Practice* ¶ 0.161[2] (2d ed. 1987). Defendant US

Shoe contends that because plaintiff alleges that the Does were acting in a managerial capacity and that their acts were ratified by their employer, the doctrine of Respondeat Superior relieves them from all liability to plaintiff. In *McCabe v. General Food Corp.*, 811 F.2d 1336, 1340 (9th Cir. 1987), the Ninth Circuit acknowledged that California permits recovery from an individual, acting within the scope of his employment, for conduct "so extreme and outrageous as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *citing Rulon-Miller v. International Business Machines Corp.*, 162 Cal.App.3d 241, 254, 208 Cal.Rptr. 524, 533 (1984).

In the present case, plaintiff alleges intentional tortious conduct by the Doe defendants, such as intentional infliction of emotional distress. Plaintiff alleges that, upon learning of her pregnancy, Does I and II repeatedly asked her to obtain an abortion. In addition, plaintiff alleges that US Shoe and the Doe defendants acted willfully and maliciously. The alleged demands by Does I and II that Apelian abort her pregnancy are clearly outrageous and far exceed the threshold established by the Court in *Rulon-Miller*. Accordingly, plaintiff has sufficiently plead a claim for relief against the individual Doe defendants. Therefore, the Court concludes that the Doe defendants were not fraudulently joined.

■ Moreover, in the instant action, plaintiff has in good faith identified and alleged various claims for relief against the Doe defendants, as managers and employees of US Shoe. Failure to serve a Doe defendant, who is joined in good faith and identified, does not prevent the Court from treating them as defendants in determining whether to remand the action to state court. *See Preaseau v. Prudential Ins. Co. of America*, 591 F.2d 74, 78–79 (9th Cir.1979), *citing Clarence E. Morris Inc. v. Vitek*, 412 F.2d 1174 (9th Cir.1969). In *Preaseau*, the Court rejected the contention that section 1441(b) implies that service is the key factor in determining diversity. The Ninth Circuit held that diversity was destroyed and that the defendant could

not remove "if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the codefendant." *Id.* at 78.

Similar to the Ninth Circuit decision in the *Preaseau* case, the Court concludes that it is proper to consider the Doe defendants in determining whether removal is proper, even though the Doe defendants have not been served. Remanding the action will effectuate the policies of preventing removal where one defendant is a citizen of the forum state and thus would not be prejudiced against in the state court. In conclusion, the Doe defendants are citizens of California, which is the state in which the federal court sits. Therefore, removal of the instant action to the federal court was improper. Accordingly, the Court grants plaintiff's Motion to Remand.

IT IS SO ORDERED.