133 F.3d 927
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CAPITOLIA LEE LAND; Nikki Land; Anika Alex, a Minor by and
through her Guardian Ad Litem, Capitolia Lee Land; Sada
Land, a Minor by and through her Guardian Ad Litem,
Capitolia Land, Plaintiffs-Appellants,
v.
DENNY'S INC.,; Flagstar Companies Inc., Defendants-Appellees.
 No. 96-56050.
 United States Court of Appeals, Ninth Circuit.
 Dec. 29, 1997.
 
 1
 Before CANBY and THOMPSON, Circuit Judges, and MOLLOY, District Judge.**
 
 
 2
 MEMORANDUM*
 
 
 3
 Capitolia Lee Land and other family members ("Lands") appeal the district court's orders of dismissal in their 42 U.S.C. § 1985 action alleging Denny's Restaurant violated their rights by refusing to serve them a Grand Slam breakfast on September 4, 1994. The district court dismissed the action under Federal Rule of Civil Procedure 41(b) for the Lands' failure to prosecute and failure to comply with Local Rules, and awarded Federal Rule of Civil Procedure 37(d) monetary sanctions against the Lands and their attorney for failure to attend depositions and produce documents. We have jurisdictions and produce documents. We have jurisdiction under 28 U.S.C. § 1291. We clarify the monetary order, and affirm.
 
 DISCUSSION
 A. Rule 41(d) Dismissal
 
 4
 We require the district court to weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986). As the district court did not make explicit findings on each essential factor, we "review the record independently to determine whether the court abused its discretion." Id. at 1424.
 
 
 5
 In view of the clear pattern of dilatory behavior, the numerous missed deadlines, and failure to comply with Federal and Local Rules, the district court did not err in determining that the delays were unreasonable.
 
 
 6
 The Lands' violation of the Local Rules and failure to comply with discovery requests also prejudiced Denny's. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir.1990). Specifically, the Lands failed to timely respond to discovery requests, file relevant documents, attend meetings of counsel required by Local Rules, and attend noticed depositions. The Lands' conduct prejudiced Denny's by depriving it of information, hindering preparation for the early meeting of counsel and ultimately the trial, and increasing litigation expenses. See Chism v. National Heritage Life Ins. Co., 637 F.2d 1328, 1331 (9th Cir.1981) overruled on other grounds by Bryant v. Ford Motor Co., 844 F.2d 602 (9th Cir.1987).
 
 
 7
 The Lands argue that while the defendant may have been temporarily inconvenienced by the delays, the Lands' ultimate compliance with their obligations eliminated any future inconvenience or prejudice to the defendant. This argument is unpersuasive. The time required to review tardily produced material obviously detracted from the time available to prepare for trial. Moreover, even if it had been possible to proceed without any additional prejudice to Denny's, the original prejudice remained. Denny's was not relieved of the cost in time spent and expenses incurred for the original delays. Thus, the factor of prejudice to the defendant weighs in favor of dismissal in this case.
 
 
 8
 The Lands' contention that the court failed to consider alternative sanctions is also meritless. "There is no requirement that every single alternative remedy be examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required." Anderson v. Air West, Inc., 542 F.2d 522, 525 (9th Cir.1976). Here, Denny's motion to dismiss included several requests for less drastic sanctions including requests for an order compelling responses to discovery, exclusion of evidence, and monetary sanctions. In reviewing Denny's motion, the district court necessarily reviewed these alternative suggestions. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.1991).
 
 
 9
 The Lands also argue that the district court abused its discretion by not issuing warnings prior to dismissal. We disagree. Although an express warning may be required when dismissal is undertaken by the court sua sponte, there is no warning requirement when dismissal follows a noticed motion under Rule 41(b). Id.
 
 
 10
 Moreover, the Lands were on notice of the court's policy requiring strict compliance with the Rules. On April 26, 1996, the district court warned the Lands' counsel that "[p]laintiff's counsel's lack of diligence in litigating this case may cause preclusions to his evidence presentation at the time of trial."
 
 
 11
 Finally, though public policy favors decisions on the merits, "it is the responsibility of the moving party to move toward that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1454 (quoting Morris, 942 F.2d at 652). The Lands failed to meet that responsibility in this case.
 
 
 12
 After an independent examination of the five factors that must be considered before dismissing a case under Rule 41(b), we conclude that the district court did not abuse its discretion in dismissing this case with prejudice for failure to prosecute.
 
 B. Rule 37(d) Monetary Sanctions
 
 13
 The Lands further contend that the district court erred by imposing discovery sanctions of $5500 under Federal Rule of Civil Procedure 37. This contention lacks merit. Rule 37 permits the district court to impose sanctions of "reasonable expenses, including attorneys fees," for a party's failure to attend depositions or produce discovery. Fed.R.Civ.P. 37.
 
 
 14
 Here, the district court based its monetary sanctions award on the expenses incurred by Denny's in preparing its motion to compel attendance at the Lands' depositions and for production of discovery. The district court did not abuse its discretion. See Payne v. Exxon Corp., 121 F.3d 503 (9th Cir.1997).
 
 
 15
 Finally, to clarify a possible ambiguity in the district court's monetary sanctions order, that order imposing sanctions of $5500 upon the Lands and their attorney of record, Lawrence K. Shelton, shall not apply against Attorney David R. Cadwell who became attorney of record at a later date.
 
 
 16
 AFFIRMED.
 
 
 
 **
 The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3