**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRELL KING, | No. 10-35794 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00792-RSL |
| v. | |
| DYNASTY M/V, her tackles, appurtenances, cargo, In Rem and her owner and operators, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| AMERICAN SEAFOODS CO, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted May 6, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff-appellant Darrell King filed suit against Defendant American Seafoods Company LLC ("ASC") seeking damages for personal injuries he allegedly suffered while employed as a seaman on Defendant M/V Dynasty. King failed to respond to ASC's written discovery requests for nine months and failed to comply with three separate discovery orders compelling him to respond to written discovery.

The district court granted ASC's motion to compel on February 5, 2010, ordering King to provide written discovery responses within seven days. On February 19, 2010, King requested additional time "until the end of the day" to provide responses. The district court granted the request, and ordered responses to be made no later than midnight, February 25, 2010. On March 4, 2010, after King again failed to provide responses, ASC filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). The district court denied the motion on April 29, 2010, because less drastic sanctions were available. The court ordered King to produce responses within seven days, deemed all objections other than attorney-client privilege waived, and ordered King to pay ASC's reasonable attorney's fees preparing the motion to dismiss. When King again failed to produce any responses, ASC notified the court pursuant to the court's April 29,

2

2010 order, and again requested that the court dismiss the case. On May 11, 2010, the district court dismissed King's complaint based on these failures to fulfill his discovery obligations and comply with the court's orders. King filed a "motion to reopen case"[1] in which he blames his failures on technical problems with his attorney's fax machine and an employee in his attorney's office who failed to check an email account for the court's ECF emails. He now appeals the denial of the motion to reopen case and the district court's award of attorney's fees.

Federal Rule of Civil Procedure 37(b)(2) provides a district judge authority to dismiss an action for a party's failure to comply with an order to provide discovery. In deciding whether to dismiss for failure to comply with a court's order, we have identified five factors which the district court must weigh: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)

---

[1]Actually, King's "motion to reopen case" does not contain a motion at all. Apparently, King's counsel failed to save the motion on his computer, and therefore the "motion" filed was only the proposed order on his motion. King failed to correct that mistake until he filed his reply brief, and even then his reply consisted of only two pages without a single citation to authority supporting his request to reopen his case.

3

(quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 832 (9th Cir.), *cert. denied* 479 U.S. 829 (1986)). We review a dismissal for failure to comply with the court's orders for an abuse of discretion, and "we will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Id.* "'Where the drastic sanctions of dismissal or default are imposed, however, the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith.'" *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (*quoting Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985)).

The district court weighed each of the *Malone* factors in considering ASC's motion to dismiss, and concluded that "less drastic sanctions" should be imposed. It ordered King to provide discovery responses within seven days, pay ASC's fees for bringing the motion, and warned King that failure to comply with this order "may result in the dismissal of this action." After King failed to comply with this order, the court dismissed the action. King cites no authority that would support the proposition that the court abused its discretion in dismissing the action after he was sanctioned for prior failures to comply with discovery obligations and the court's orders, and after he was expressly warned that the failure to comply with the court's third order may lead to dismissal. *See Henry v. Gill Indus., Inc.*, 983

4

F.2d at 948 (finding dismissal proper after party failed to comply with orders following imposition of lesser sanctions). Nor could he. "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Id.* (internal quotation marks omitted). King's various excuses fail to demonstrate that circumstances outside of his control led to his repeated disobedient conduct. The district court did not abuse its discretion.

King's primary argument in this appeal is that it is unfair to use his counsel's mistakes against him. We have dealt with this concern before: "In assessing the consequences of our decision upon Appellant as distinguished from counsel, it must be remembered that Appellant 'voluntarily chose [his attorney] as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of [his] freely selected agent.'" *United Artists Corp. v. La Cage Aux Folles, Inc.*, 771 F.2d 1265, 1271 (9th Cir. 1985) (quoting *Chism v. Nat. Heritage Life Ins. Co.*, 637 F.2d 1328, 1332 (9th Cir. 1981)) (*abrogated on other grounds in Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1462 (9th Cir. 1992)).

King next contends that the award of attorney's fees should be reversed. However, the federal rules provide that "in addition to" dismissing the action for failure to comply with a discovery order, "the court *must* order the disobedient

5

party, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees" absent a showing that the failure was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). King argues that technical failures of his attorney's office equipment and employees failing to do their jobs are to blame for his failure to answer the orders. However, these excuses are not the kind of substantial justification that would render the district court's order an abuse of discretion. To the contrary, the modest award of $2,190 in attorney's fees, which were properly limited to the time spent on the motion to dismiss, is not "unjust." King had nine months to respond to discovery. The multiple failures can't all be someone else's fault. The judgement of the district court is **AFFIRMED**.