**Brenda J. GAMBLE, Plaintiff-Appellant,**

v.

**GENERAL FOODS CORPORATION,
Defendant-Appellee.**

**No. 86–15083.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 1987.

Decided May 9, 1988.

**52**

Frederick John James, Oakland, Cal., for plaintiff-appellant.

R. Brian Dixon, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for defendant-appellee.

Before HUG, BRUNETTI and KOZINSKI, Circuit Judges.

PER CURIAM:

We consider whether under *Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir. 1988) (en banc), the federal courts have jurisdiction to hear this case.

### Facts

After being terminated from her position as Accounting Clerk at General Foods in 1984, Brenda Gamble filed a Title VII action in federal court, 42 U.S.C. § 2000e *et seq.* (1982) (*Gamble I*). Judgment for defendant was entered after a bench trial on the Title VII claim; there was no appeal.

Following the bench trial but before judgment, Gamble filed this action for wrongful termination in California Superior Court, naming as defendants General Foods and Does 1 through 100 (*Gamble II*). General Foods removed the action to federal court based on diversity of citizenship, 28 U.S.C. § 1332 (1982 & Supp. III 1986), and successfully moved for summary judgment on the ground that the suit was barred by the res judicata effect of the judgment in *Gamble I.* Plaintiff appealed and, on November 16, 1987, we affirmed by unpublished Memorandum, 833 F.2d 1016. Gamble petitioned for rehearing in light of *Bryant*, which had been issued ten days before our decision in *Gamble II.*

### Discussion

■ At the time this case was removed from state court, the Doe defendants had not been dismissed. Nor has Gamble subsequently agreed to dismiss them. Therefore, *Bryant v. Ford Motor Co.*, 606 n. 7, appears to require that we remand this case to state court. General Foods raises a volley of arguments, however, in an attempt to demonstrate that *Bryant* is inapplicable.

■ General Foods first argues that the Anti-Injunction Act, 28 U.S.C. § 2283 (1982), provides an independent basis for federal jurisdiction, and thus the lack of complete diversity does not affect our power to hear this case. The Anti-Injunction Act is not a jurisdictional statute, however. It merely limits the power of federal courts, in cases properly before them, to enjoin state court proceedings. *Tyler v. Russel*, 410 F.2d 490, 491 (10th Cir.1969); *see also Krahm v. Graham*, 461 F.2d 703, 708–09 (9th Cir.1972). It may be that federal jurisdiction would exist to enjoin further state court proceedings in *Gamble I* if necessary to protect the res judicata effect of the prior federal court judgment in *Gamble I*; we express no opinion on that score. But that is not this case. General Foods has not filed a motion in *Gamble I* to enjoin state court proceedings; rather, it has removed *Gamble II* to federal court. The Anti-Injunction Act is of no relevance.

■ General Foods next contends that, under *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed. 2d 612 (1972), Gamble has waived her right to object to removal jurisdiction. *Grubbs* holds that failure to object to removal con-

stitutes waiver of defects in removal jurisdiction once the case has proceeded to judgment, so long as the district court would have had jurisdiction had the case been filed in federal court in the first instance. *Id.* at 702, 92 S.Ct. at 1347. As *Bryant* held, however, "[e]ven under [*Grubbs*], remand is required. The presence of Doe defendants destroys diversity of citizenship. Here, the Doe defendants were never dismissed. Accordingly, original jurisdiction would not have lain with the district court." 606 n. 9.

■ Finally, General Foods suggests that *Bryant* is inapplicable here because there is no realistic possibility that Gamble would be able to join any non-diverse defendant. As support for its interpretation of *Bryant,* General Foods points to Judge Norris' opinion concurring in the judgment. *See id.* at 607. The *Bryant* majority rejected this theory, however, and instead established a per se rule that naming Does destroys diversity in all cases. *See id.* at 605–606. Notwithstanding General Foods' characterization of this holding as dicta, we are bound by the en banc panel's resolution of this issue.

### Conclusion

The petition for rehearing is GRANTED. The Memorandum disposition previously filed in this case on November 16, 1987, is VACATED. The judgment of the district court is VACATED and the case is REMANDED to that court with directions that it be further remanded to state court. The parties shall bear their own costs on appeal.