Rosemary JOHNSON,
Plaintiff–Appellant,

v.

The MUTUAL BENEFIT LIFE
INSURANCE COMPANY, et
al., Defendants–Appellees.

No. 87–6421.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 1988.

Decided May 26, 1988.

Edward Johnson, Hanin & Johnson, Inc., Monterey Park, Cal., for plaintiff-appellant.

Jeffrey P. Smith, Adams, Duque & Hazeltine, Los Angeles, Cal., for defendant-appellee.

Before TANG, FLETCHER and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

Rosemary Johnson appeals the district court's order granting summary judgment in favor of her insurer, The Mutual Benefit Life Insurance Company. On appeal, Johnson challenges the district court's determination, made on a motion for summary judgment, that Mutual Benefit was entitled to judgment as a matter of law on her California state law claims for breach of the implied covenant of good faith and fair dealing and for negligent infliction of serious emotional distress. We reverse and remand.

## FACTS

Since 1980, Mutual Benefit has insured Johnson for major medical coverage. After the policy was issued, Johnson was treated for cancer. As a result, she probably would be uninsurable were she to seek medical insurance from a different carrier. On February 4, 1985, Johnson mailed her quarterly premium payment to Mutual Benefit. Mutual Benefit negotiated the check, but credited the wrong account.

Mutual Benefit then cancelled Johnson's medical policy. After receiving notice of the policy's cancellation, Johnson sent Mutual Benefit a copy of her cancelled check as proof of payment.

Although Mutual Benefit subsequently reinstated coverage, it put Johnson's account on the wrong billing cycle and inexplicably sent Johnson bills for higher premiums for the wrong premium periods. Johnson's attorney then sent numerous letters to Mutual Benefit asking it to resolve the matter and to explain the billing discrepancies. In March 1987, Johnson received another computer-generated termination notice because she had refused to pay the unwarranted premium increase. Mutual Benefit's attorney later advised Johnson's attorney that the termination notice should be disregarded.

After suffering two years of incorrect billings, Johnson sued Mutual Benefit under a number of theories, including breach of the implied covenant of good faith and fair dealing and negligent infliction of serious emotional distress. On appeal, Johnson contends that the district court erred in granting summary judgment against her claims for breach of the implied covenant of good faith and fair dealing and for negligent infliction of serious emotional distress.

## JURISDICTION

■ As a preliminary matter, this court must determine whether it has jurisdiction to hear this appeal. *See Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (federal appellate court must ensure that it has, and that the district court had, jurisdiction). Here, when the case was removed from state to federal court under 28 U.S.C. § 1441, the complaint asserted claims against Doe defendants. Ordinarily, the presence of Doe defendants defeats diversity jurisdiction. *See Bryant v. Ford Motor*

*Co.,* 844 F.2d 602, 605–06 (9th Cir.1988) (en banc) (as amended).

The district court, however, ruled that the Does referred to in the complaint were shams. It therefore retained jurisdiction because there was complete diversity between the named parties. Although this circuit no longer recognizes the sham Doe exception, *see Bryant,* at 605, overruling *Hartwell Corp. v. Boeing Co.,* 678 F.2d 842, 843 (9th Cir.1982), the district court's ruling was made before we decided *Bryant.* Since then, we have held that remand to state court is not required if the district court struck the Doe allegations before *Bryant* was handed down. *Brandchaft v. E.F. Hutton & Co., Inc.,* 841 F.2d 886, 886 (9th Cir.1988).

■ The district court's ruling that the Does were shams was tantamount to striking the Doe allegations. Because of the Does' dismissal, complete diversity between the named parties existed at the time of summary judgment. *See American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 16–17, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951) (discussing cases upholding district court's judgments where there was no right to removal, but district court would have had jurisdiction had the case been filed in the posture it was in at the time of final judgment).[1] Although Johnson objected to removal, to preserve her objection to removal jurisdiction, she would have had to file an interlocutory appeal. *Sorosky v. Burroughs Corp.,* 826 F.2d 794, 798–99 (9th Cir.1987) (to preserve objection to the district court's holding that removal jurisdiction exists, party must file an interlocutory appeal if the district court had jurisdiction at the time of summary judgment). This court reaffirmed in *Bryant* that if removal is not challenged until after final judgment is entered, the relevant jurisdictional inquiry is whether the district court would have had original jurisdiction over the case had it been filed in the posture it was in at the time of final judgment.

---

1. This court's recent decision in *Gamble v. General Foods Corp.,* 846 F.2d 51 (9th Cir.1988), is inapposite. In *Gamble,* no action had been taken with respect to the Doe defendants before the entry of summary judgment. At 52. Accordingly, there were still Doe allegations present; therefore, complete diversity did not exist.

*Bryant,* at 606–07 n. 9. Accordingly, jurisdiction exists to hear the appeal.

## BREACH OF IMPLIED COVENANT OF GOOD FAITH

■ The implied covenant of good faith and fair dealing requires that neither party to a contract "will injure the right of the other to receive the benefits of the agreement." *Bodenhamer v. Superior Court,* 192 Cal.App.3d 1472, 238 Cal.Rptr. 177, 179 (1987) (quoting *Comunale v. Traders & General Ins. Co.,* 50 Cal.2d 654, 658, 328 P.2d 198, 200 (1958)). Peace of mind is one of the benefits an insured seeks by obtaining insurance. *Crisci v. Security Ins. Co.,* 66 Cal.2d 425, 433–34, 58 Cal.Rptr. 13, 19, 426 P.2d 173, 179 (1967); *Egan v. Mutual of Omaha Ins. Co.,* 24 Cal.3d 809, 819, 169 Cal.Rptr. 691, 695, 620 P.2d 141, 145 (1979), *cert. denied and appeal dismissed,* 445 U.S. 912, 100 S.Ct. 1271, 63 L.Ed.2d 597 (1980). Mutual Benefit's incorrect billing statements and termination notices, sent over a two-year period, arguably deprived Johnson of this bargained-for benefit.

Whether Johnson can ultimately recover under California law for breach of the implied covenant of good faith and fair dealing depends on whether she can convince a trier of fact that Mutual Benefit acted in bad faith when it deprived her of a bargained-for benefit. As used in this context, bad faith does not refer to misconduct of a malicious or immoral nature. *Neal v. Farmers Ins. Exch.,* 21 Cal.3d 910, 921–22 n. 5, 148 Cal.Rptr. 389, 395 n. 5, 582 P.2d 980, 986 n. 5 (1978). Rather, the bad faith concept emphasizes unfaithfulness to an agreed common purpose or to the justifiable expectations of the other party to the contract. *Id.* In short, a showing of bad faith requires that insurers act unreasonably or arbitrarily when dealing with their insureds. *Mission Ins. Group v. Merco Constr. Engineers,* 147 Cal.App.3d 1059, 1066, 195 Cal.Rptr. 781, 785 (1983).

The facts of this case raise a genuine factual issue as to whether Mutual Benefit's conduct was unreasonable relative to Johnson's justifiable contractual expectations. The district court, therefore, erred in ruling as a matter of law that incidents of incorrect accounting and improper coverage terminations by Mutual Benefit extending over a two-year period do not present a triable issue of fact concerning whether bad faith existed in the circumstances of this case. *See Mission Ins. Group,* 147 Cal.App.3d at 1067, 195 Cal.Rptr. at 785–86 (whether conditional tender of insurance check that included a waiver of rights printed on the check constitutes an act of bad faith is a question of fact foreclosing summary judgment).

■ The district court also erred in granting summary judgment on Johnson's bad faith claim on the incorrect ground that she failed to allege a physical injury in addition to her claim for emotional distress. Damages for emotional distress unaccompanied by physical injury are allowed under California law if the injuries suffered are substantial and enduring. *Commercial Cotton Co. v. United California Bank,* 163 Cal.App.3d 511, 517, 209 Cal.Rptr. 551, 555 (1985). There is a genuine fact issue as to whether the mental anguish Johnson suffered was substantial and enduring. *See Young v. Bank of America,* 141 Cal. App.3d 108, 114, 190 Cal.Rptr. 122, 126 (1983) (substantial or enduring injury includes "all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea").

## NEGLIGENT INFLICTION OF SERIOUS EMOTIONAL DISTRESS

■ California recognizes that "a cause of action may be stated for the negligent infliction of serious emotional distress." *Molien v. Kaiser Found. Hosp.,* 27 Cal.3d 916, 930, 167 Cal.Rptr. 831, 839, 616 P.2d 813, 821 (1980). While the claim must contain sufficient guarantees of genuineness, *see Gilchrist v. Jim Slemons Imports, Inc.,* 803 F.2d 1488, 1499 (9th Cir.1986), the ultimate determination of the genuineness of the claim is a matter for the trier of fact. *Molien* 27 Cal.3d at 930, 167 Cal.Rptr. at 839, 616 P.2d at 821.

**604**

Here, the following indicia of genuineness of Johnson's mental distress claim exist: Johnson was uninsurable because of her history of cancer; she received two incorrect termination notices; she was confronted with billing errors for two years; and she was required to seek psychiatric aid. Under *Molien*, these items are sufficient to raise a genuine issue of material fact as to whether Johnson in fact suffered serious emotional distress as a result of Mutual Benefit's negligent conduct. *See* 27 Cal.3d at 930–31, 167 Cal.Rptr. at 839, 616 P.2d at 821. In addition, the existence of an independent tort for breach of the implied covenant of good faith and fair dealing provides a further guarantee of genuineness. *Id.* at 926–27, 167 Cal.Rptr. at 837, 616 P.2d at 818–19 (noting traditional California rule that existence of independent cause of action provides guarantee of genuineness for emotional distress claim); *Gilchrist*, 803 F.2d at 1499; *Commercial Cotton Co.*, 163 Cal.App. at 517, 209 Cal. Rptr. at 555.

REVERSED AND REMANDED.