John BOGAN, Plaintiff/Appellant,

v.

KEENE CORPORATION, et al.,
Defendants/Appellees.

No. 87–5829.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 1988.

Decided Aug. 1, 1988.

Michael L. Goldberg and Charles B. O'Reilly, Greene, O'Reilly, Broillet, Paul, Simon, McMillan, Wheeler & Rosenberg, Los Angeles, Cal., for plaintiff-appellant.

Scott D. Baskin, Irell & Manella, Los Angeles, Cal., for defendants-appellees.

Before PREGERSON and THOMPSON, Circuit Judges, and MUECKE,* District Judge.

PREGERSON, Circuit Judge:

The district court dismissed Bogan's complaint for improper venue. Bogan appeals, arguing that the district court lacked jurisdiction to reach the venue question. Bogan contends that the case should have been remanded to state court because the presence of Doe defendants defeated diversity jurisdiction. We affirm.

I

FACTS AND PROCEDURAL HISTORY

Bogan filed in a California state court a complaint alleging breach of contract, breach of the implied covenant of good faith and fair dealing, interference with contractual relations, and intentional infliction of emotional distress. In addition to naming four corporate defendants, Bogan included as defendants Does 1 through 20. Defendants removed the case to district court on the basis of diversity jurisdiction.

Bogan filed a motion to remand the case back to state court. Bogan argued that

* Honorable Carl A. Muecke, Senior United States District Judge, District of Arizona, sitting by designation.

the presence of Doe defendants defeated diversity jurisdiction. Defendants filed a motion to dismiss the complaint for improper venue. Defendants noted that Bogan's causes of action arose out of a business agreement. Defendants argued that California was an improper venue because the agreement contained a forum selection clause, which stipulated that disputes arising out of the agreement would be heard in New York. Bogan contended that the court could not reach the venue question unless it had subject matter jurisdiction.

The district court denied Bogan's motion for remand. The court acknowledged that it needed subject matter jurisdiction to consider the venue question. It concluded that it had subject matter jurisdiction over the case because it found that the Doe defendants were shams and the named defendants were diverse. Sitting in diversity, the court granted defendants' motion and dismissed the complaint for improper venue.

On appeal, Bogan does not challenge the district court's enforcement of the forum selection clause except as it relates to the jurisdictional issue. Bogan argues that the district court did not have jurisdiction to consider the enforceability of the forum selection clause, and therefore erred in dismissing his complaint.

## II

### STANDARD OF REVIEW

■ Whether subject matter jurisdiction exists is a question of law reviewable de novo. *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1515 (9th Cir.1987).

## III

### DISCUSSION

#### A. Bryant II

■ Bogan presents two arguments as to why the district court lacked subject matter jurisdiction. His first argument relies on *Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir.1988) (en banc) (as amended) (hereinafter *Bryant II* ).

Before *Bryant II*, we followed the general rule that Doe defendants defeat diversity jurisdiction, but we recognized several exceptions. *Bryant II*, 844 F.2d at 605. For example, a district court could disregard Does for purposes of diversity jurisdiction if it found that the Does were wholly fictitious, *see, e.g., Grigg v. Southern Pac. Co.*, 246 F.2d 613, 619 (9th Cir.1957), or that the charges against them were so general as to give no clue of their identity or their relationship to the action, *see, e.g., Hartwell Corp. v. Boeing Co.*, 678 F.2d 842, 842–43 (9th Cir.1982); *Chism v. National Heritage Life Ins. Co.*, 637 F.2d 1328, 1330 (9th Cir.1981). When a complaint insufficiently identified the Does, they often were called "shams."

In *Bryant II*, we overruled the sham Doe exceptions to the general rule that Doe defendants defeat diversity jurisdiction. 844 F.2d at 605. The rule under *Bryant II* is that Does defeat diversity jurisdiction unless "all Doe defendants are either named, unequivocally abandoned by the plaintiff, or dismissed by the state court." *Id.* at 605–06 (footnotes omitted). Bogan argues that the Doe defendants in his complaint defeated the diversity jurisdiction of the district court because they had not been named, abandoned, or dismissed by the state court.

Bogan correctly summarizes the rule announced in *Bryant II*. Since *Bryant II*, however, we have issued two opinions that clarify how we will handle cases in which the district court took some action regarding the Doe defendants before *Bryant II* was decided.

We first decided that remand to a state court is unnecessary if the district court struck the Doe allegations before *Bryant II* was decided. *Brandchaft v. E.F. Hutton & Co.*, 841 F.2d 886 (9th Cir.1988). We then decided that *Brandchaft* should be extended to cover cases in which the district court ruled that the Doe defendants were shams before *Bryant II* was decided.

In *Johnson v. Mutual Benefit Life Ins. Co.*, 847 F.2d 600, 602 (9th Cir.1988), we stated that "[t]he district court's ruling that the Does were shams was tantamount to

striking the Doe allegations." We therefore held that the district court had jurisdiction to reach the merits of the case because it found that the Does were shams before *Bryant II* was decided and that the named parties were diverse. *Id.*

Our holding in *Johnson* is directly on point and controls this case. The district court declared that the Doe defendants in Bogan's complaint were shams before *Bryant II* was decided. It also found that the named parties were diverse. Accordingly, as in *Johnson,* we need not remand this case to a state court.[1]

### B. The Sham Doe Exceptions

In the alternative, Bogan argues that the district court erred in determining that the Does in Bogan's complaint were shams. If *Bryant II* does not require a remand of the case, Bogan contends that the pre-*Bryant II* cases defining the sham Doe exceptions require a remand because Bogan adequately identified the Does in his complaint.

Does will be considered shams if the complaint gives no indication of who they might be or how their activities might have given rise to the causes of action. *See Hartwell,* 678 F.2d at 842–43; *Chism,* 637 F.2d at 1330. We agree with the district court that Bogan's complaint fails adequately to identify his Does or link them to the alleged wrongs.

In his complaint, Bogan states that the Does are "individuals and/or some form of business entity ... who are responsible in some actionable manner for the damages and injuries hereinafter alleged." The complaint then goes on to link the Does to the named defendants "either through agency and/or other principles of vicarious or imputed liability including alter-ego and/or successor liability." After making these sweeping statements, Bogan never again explicitly refers to the Doe defendants.

Bogan contends that the allegations of an agency relationship between the named defendants and the Doe defendants is sufficient to identify the Does and their relationship to the causes of action. We disagree.

In distinguishing dicta from another case, we once noted that allegations of an agency relationship could prevent us from dismissing Does as shams. *See Hartwell,* 678 F.2d at 843–44 (distinguishing *Preaseau v. Prudential Ins. Co.,* 591 F.2d 74, 77 n. 2 (9th Cir.1979)). In *Preaseau,* however, the complaint alleged that an insurance company, or its agents or employees, had wrongfully denied insurance coverage to the plaintiff. 591 F.2d at 75, 77 n. 2. Given the nature of the cause of action, it was not difficult to see how an agent or an employee of an insurance company might become a named party at a later point in the proceedings.

In contrast, we must agree with the district court that Bogan's complaint "does not even provide fuel for an imaginative court to speculate as to who the Does might be." We therefore agree with the district court that it was unnecessary, under the sham Doe exceptions, to consider the Does in Bogan's complaint for the purposes of determining diversity jurisdiction.

## IV

### CONCLUSION

*Bryant II* does not require the remand of this case to a state court because the district court correctly found that the Does in Bogan's complaint were sham Does before *Bryant II* was decided. The district court, therefore, had diversity jurisdiction and did not err in enforcing the forum selection clause and dismissing Bogan's complaint.

**AFFIRMED.**

---

1. Bogan did not appeal the district court's finding that the named parties were diverse. Bogan also does not appeal the merits of the district court's dismissal of his complaint. He challenges only the district court's jurisdiction to dismiss the complaint.