993 F.2d 229
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barry L. TAYLOR, Plaintiff-Appellant,
v.
GEMTOR, INCORPORATED, Defendant & Third Party Plaintiff-Appellee,
and
Atlas Safety Equipment Company, Incorporated, Defendant,
and
United States Forgecraft Corporation, Third Party Defendant.
 No. 92-2491.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 31, 1993
Decided: May 7, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, District Judge; Richard L. Williams, Senior District Judge. (CA-92-270-R)
 Woodson T. Drumheller, Richmond, Virginia, for Appellant.
 Philip B. Morris, James W. Walker, MORRIS & MORRIS, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and PHILLIPS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Barry L. Taylor, a Virginia resident, sued Atlas Safety Equipment Company, Inc. ("Atlas"), a now dissolved New York corporation, and its alleged successor corporation, Gemtor, Inc. ("Gemtor"), a New Jersey corporation, in Virginia state court for damages arising out of a construction accident in Chester, Virginia. The Defendant Gemtor removed the case to the United States District Court for the Eastern District of Virginia. Taylor moved to remand the case to state court, but the district court denied his request. The district court granted Defendant Gemtor's motion for summary judgment on the merits of Taylor's claims. Taylor now appeals the district court's refusal to grant his motion for remand.[1] Because the district court possessed subject matter jurisdiction over the case, we hold that Taylor's failure to note an interlocutory appeal operated as a waiver of the right to raise the remand issue on appeal. Accordingly, we affirm.
 
 I.
 
 2
 On November 12, 1986, Taylor was seriously injured when he fell approximately ten feet while working on a wall at a construction site in Chester, Virginia. On November 15, 1988, Taylor filed a product's liability suit against Gemtor, Atlas and Dee Shoring Company, a Virginia corporation, in the Circuit Court for the City of Richmond. Taylor voluntarily nonsuited the case on April 15, 1991. Pursuant to Va. Code Ann. § 8.01-229(E)(3) (Michie 1992), Taylor refiled his action in the circuit court. The new action named only Gemtor and Atlas as defendants. Although the Defendants were not served with service of process, Gemtor made a general appearance and filed a Notice of Removal in the District Court for the Eastern District of Virginia based on diversity of citizenship pursuant to 28 U.S.C. § 1441 (Supp. II 1990).[2]
 
 
 3
 Taylor moved to remand the case to state court, arguing that the Notice of Removal lacked a time reference and was therefore defective as to the procedural requirements of 28 U.S.C.s 1446(b) (Supp. II 1990). The district court denied Taylor's motion.
 
 
 4
 After Taylor voluntarily withdrew all claims of direct liability against Gemtor, Gemtor moved for summary judgment on the remaining issue of whether it was liable as the corporate successor of Atlas. The district court granted Gemtor's motion for summary judgment, holding that Taylor failed to demonstrate how Gemtor was liable for the debts and contingent liabilities of Atlas.
 
 
 5
 Taylor appeals the district court's order denying his motion for remand.
 
 II.
 
 6
 Taylor argues that the district court's refusal to remand the case to the Virginia state court constitutes reversible error. Holding that Taylor failed to preserve appellate review,[3] we affirm the district court's decision.
 
 
 7
 The failure to pursue an interlocutory appeal results in a waiver of the right to contest the validity of removal where the district court could have exercised jurisdiction over the controversy at the entry of judgment. Able v. Upjohn Co., Inc., 829 F.2d 1330, 1333 (4th Cir. 1987), cert. denied, 485 U.S. 963 (1988); see also Johnson v. Mutual Ben. Life Ins. Co., 847 F.2d 600, 602 (9th Cir. 1988) (holding failure to seek interlocutory review of district court's denial of motion to remand waives right to appeal if district court had jurisdiction at time of summary judgment). We will not disturb the district court's judgment where the "party fails to avail himself of a remedy that might earlier have resolved the removal question." Able, 829 F.2d at 1333; see also Higgins v. E. I. Dupont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1988). Accordingly, Taylor's failure to note an interlocutory appeal operated as a waiver of the right to raise the remand issue on appeal.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Taylor does not appeal the district court's order granting summary judgment
 
 
 [2]
 Because Atlas was never served, the district court remanded the case against Atlas to state court for failure to prosecute
 
 
 [3]
 Taylor argues that because he never served Gemtor with an initial pleading or summons, Gemtor could not have strictly complied with the procedural requirements of 28 U.S.C. § 1446(b). Although we dispose of Taylor's appeal on the grounds that he waived appellate review, we note that the district court's refusal to remand the case was proper. Removal should not be denied simply because a defendant files a Notice of Removal before receiving an initial pleading or summons. See 14A Charles A. Wright et al., Federal Practice and Procedure: Jurisdiction and Related Matters § 3732 (1985)