EVERETT ASSOCIATES, INC., a California corporation, dba Living Earth Crafts; Donald Payne, an individual, Plaintiffs—Appellees,

v.

TRANSCONTINENTAL INSURANCE COMPANY, a New York corporation, Defendant—Appellant.

Everett Associates, Inc., a California corporation, dba Living Earth Crafts; Donald Payne, an individual, Plaintiffs—Appellants,

v.

Transcontinental Insurance Company, a New York corporation, Defendant—Appellee.

Nos. 01–15601, 01–15768.
D.C. No. CV–97–04308–SC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2002.

Decided May 2, 2002.

Before BEEZER, THOMAS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Transcontinental Insurance Co. ("Transcon") appeals the district court's partial summary judgment for Everett Associates, Inc. and Donald Payne ("Payne") (collectively "Everett") holding that Transcon breached its duty to defend Everett. Everett cross-appeals the district court's partial summary judgment for Transcon dismissing Everett's claims for indemnification, bad faith, emotional distress and economic injury damages, negligence, and negligent infliction of emotional distress. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We reverse the district court's partial summary judgment for Everett and its denial of partial summary judgment for Transcon on Transcon's duty to defend. We affirm the judgment in all other respects.

## I

█ The district court held as a matter of law that Transcon breached its duty to defend Everett against allegations of patent infringement. Transcon argues that it had no duty to defend Everett against these allegations under the provisions of Everett's commercial general liability policy. We agree. Everett's policy cannot be interpreted to create a potential for coverage.

We apply California law as we predict the California Supreme Court would, taking guidance from intermediate California appellate decisions. *Arizona Elec. Power*

*Coop., Inc. v. Berkeley,* 59 F.3d 988, 991 (9th Cir.1995). Under California law, "an insurer must defend any action which *potentially* seeks damages within the coverage of the policy." *Lebas Fashion Imports of USA, Inc. v. ITT Hartford Ins. Group,* 50 Cal.App.4th 548, 59 Cal.Rptr.2d 36, 40 (1996).

Everett's policy does not enumerate patent infringement as a covered occurrence. The district court accepted Everett's argument that when Everett tendered defense to Transcon, the policy's promise to cover injuries arising out of a "misappropriation of ... style of doing business" was ambiguous and potentially encompassed the patent infringement allegations against Everett.[2]

Ambiguity is not determined in the abstract. *Mez Industries, Inc. v. Pacific National Insurance Co.,* 76 Cal.App.4th 856, 90 Cal.Rptr.2d 721, 729 (1999), teaches that ambiguity is determined "in the context of (1) the language of the policy, (2) the general circumstances of th[e] particular case and (3) common sense." *Id.* at 731 (internal quotation marks omitted). We conclude that a layperson cannot reasonably read the policy's "misappropriation of ... style of doing business" language to include *patent* infringement if the patented invention in question cannot reasonably be considered a "style of doing business." *See id.* at 733.

The patent that Everett was accused of infringing discloses a massage table with

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by 9th Cir. R. 36–3.

1. Everett's motion to supplement the record to show Payne's citizenship is GRANTED. We conclude that the district court had diversity jurisdiction over Payne's claims pursuant to 28 U.S.C. § 1332. We also conclude that the district court properly severed its partial

summary judgment for appeal pursuant to Fed.R.Civ.P. 54(b).

2. On appeal, Everett no longer argues that patent infringement is potentially covered under the policy as an "infringement of ... title." California's Court of Appeal has held that this policy language cannot, even potentially, encompass patent infringement. *Maxconn Inc. v. Truck Ins. Exch.,* 74 Cal.App.4th 1267, 88 Cal.Rptr.2d 750, 758 (1999).

unique cradle locks. Everett insists that its infringement of this patent may reasonably be considered misappropriation of a style of doing business. We disagree. No matter how revolutionary, a massage table with unique cradle locks cannot fairly be described as a "style of doing business." The infringement allegations against Everett are not even potentially covered.

We reject Everett's contention that the 1996 amendment to the statutory definition of patent infringement created a potential for coverage. As a result of the 1996 amendment, patent infringement may arise from advertising activity. *See Maxconn Inc. v. Truck Ins. Exch.*, 74 Cal. App.4th 1267, 88 Cal.Rptr.2d 750, 754 (1999). The amendment does not change "whether patent infringement itself ... fall[s] within one of the covered [advertising injury] 'offenses'" in the policy. *Mez*, 90 Cal.Rptr.2d at 728 n. 8. That corrective advertising damages may be recoverable against Everett for patent infringement does not affect whether Everett's insurance policy covers patent infringement. The mere fact that courts had not yet addressed the legal effect of the amendment at the time of tender cannot by itself create a duty to defend. *See Baker v. Liberty Mut. Ins. Co.*, 143 F.3d 1260, 1265–66 (9th Cir.1998) (applying *Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 632 (1995)).

The policy cannot be reasonably interpreted to encompass the infringement alleged in the underlying patent suit. We conclude as a matter of law that Transcon had no duty to defend against the suit. It follows that Transcon also has no duty to indemnify against the suit. *Buss v. Superior Court*, 16 Cal.4th 35, 65 Cal.Rptr.2d 366, 939 P.2d 766, 773 & n. 10 (1997).

## II

■ Everett argues that the district court erred in dismissing its claim that Transcon denied defense in bad faith. Everett's bad faith claim is foreclosed by our determination that Transcon did not breach its duty to defend Everett. "It is clear that if there is no *potential* for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing...." *Waller*, 44 Cal.Rptr.2d 370, 900 P.2d at 639.

## III

Everett argues that the district court erred in dismissing its separate claims for negligence and negligent infliction of emotional distress. We affirm.

"[N]egligence is not among the theories of recovery generally available against insurers...." *Sanchez v. Lindsey Morden Claims Servs., Inc.*, 72 Cal.App.4th 249, 84 Cal.Rptr.2d 799, 802 (1999) (emphasis omitted). Insufficient investigations breach the duty to defend. *Bogard v. Employers Cas. Co.*, 164 Cal.App.3d 602, 210 Cal.Rptr. 578, 587 (1985). Everett cites no California case recognizing a separate tort cause of action for *negligent* claim handling. We conclude that no such separate cause of action is available to Everett in this case.

■ Donald Payne's negligent infliction of emotional distress claim is simply a further attempt to state a separate claim for negligence. *Burgess v. Superior Court*, 2 Cal.4th 1064, 9 Cal.Rptr.2d 615, 831 P.2d 1197, 1200 (1992). No case applying California law has permitted an insured to seek emotional distress damages against an insurer in the absence of viable allegations of a breach of the covenant of good faith and fair dealing. *See, e.g., Johnson v. Mut. Benefit Life Ins. Co.*, 847 F.2d 600, 603–04 (9th Cir.1988); *Bogard*, 210 Cal. Rptr. at 587–88.

We conclude that the district court correctly dismissed the separately pleaded negligence causes of action.

## IV

We need not reach the parties' remaining arguments.

On the duty to defend claim we (1) reverse the judgment entered in favor of Everett and (2) direct the entry of summary judgment in favor of Transcon. We affirm the judgment in all other respects.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions and for further proceedings on Transcon's stayed counterclaim.

Each party shall bear its own costs on appeal.