Jack H. DYM, M.D., Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.

No. 97CV1267 JM (AJB).

United States District Court, S.D. California.

June 30, 1998.

Guy A. Ricciardulli, Law Offices of Guy A. Ricciardulli, San Diego, CA, for plaintiff Jack H. Dym, M.D.

Stephen H. Galton, Galton and Helm, Los Angeles, CA, for defendant Provident Life and Acc. Ins. Co.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MILLER, District Judge.

Plaintiff, Dr. Jack Dym, has sued his disability insurance carrier, Provident Life and Accident Insurance Company ("Provident"), alleging insurance bad faith as well as claims for fraud and intentional infliction of emotional distress. Provident has filed a counterclaim in which it seeks a declaration that plaintiff is not entitled to total disability benefits because he is not totally disabled under the terms of his policies. Provident has filed a motion for summary judgment. For the reasons set forth below, Provident's motion will be granted.

### *BACKGROUND*

Plaintiff is a board certified gynecologist. Effective October 1, 1997, Provident issued plaintiff a disability income insurance policy. Effective January 1, 1988, Provident issued plaintiff a second disability income insurance policy. The policies provide in relevant part:

Total Disability or totally disabled means that due to Injuries or Sickness:

1. you are not able to perform the substantial and material duties of your occupation; and

2. you are receiving care by a Physician which is appropriate for the condition causing the disability.

your occupation means the occupation (or occupations, if more than one) in which you are regularly engaged at the time you become disabled. If your occupation is limited to a recognized specialty within the scope of your degree and license, we will deem your specialty to be your occupation.

Prior to an automobile accident on January 13, 1996, plaintiff's professional time was divided between a private practice and employment with Planned Parenthood. In his private practice, plaintiff practiced as a gynecological surgeon. Dym Depo. p. 21, l. 23. Plaintiff performed general gynecological

surgery. Dym Depo. p. 22, ll. 2–3. Specifically, plaintiff performed hysterectomies, vaginal repairs, tubal ligations, infertility surgery, D & Cs, and diagnostic laparoscopies as well as surgeries on patients with ectopic pregnancies. Dym Depo. p. 22, ll. 7–12. Plaintiff also removed ovaries, performed colposcopies and · provided services involving birth control and menopause. Dym Depo. p. 22, ll. 10–12. Plaintiff describes his private practice before the accident as "a totally unlimited gynecological practice." Dym Depo. p. 22, ll. Plaintiff's duties with Planned Parenthood primarily involved providing first trimester pregnancy terminations. Dym Depo. p. 25, ll. 19–21.

In a questionnaire filled out after his accident, plaintiff stated that the important duties that he engaged in on a full-time basis prior to the accident were (1) being on call for emergencies, including major surgery; (2) performing scheduled major surgeries; (3) office work, including pelvic exams and minor surgery; and (4) consultations regarding female medical problems. Defendant's Exhibit 6. Plaintiff admits that two months after his accident he began performing minor surgery on a part-time basis. Defendant's Exhibit 6. *See also* Dym Depo. p. 23, ll. 7–9. This "minor surgery" involved performing D & C's, which plaintiff explained in his deposition is a pregnancy termination procedure. Defendant's Exhibit 6; Dym Depo. p. 102, ll. 1–5. Plaintiff currently works four days a week for Family Planning Associates, where he primarily performs first trimester pregnancy terminations, which plaintiff admits is minor surgery. Dym Depo. p. 84, ll. 20–25.

## ANALYSIS

### Breach of contract

Provident seeks summary judgment on the issue of the interpretation of the "total disability" provision of plaintiff's policies. As noted above, the policies define "totally disabled" as "not able to perform the substantial and material duties of your occupation." Provident contends that as a matter of law this provision should be interpreted as requiring that an insured be precluded from performing *all* of the substantial and material duties of his or her occupation. Provident argues that because plaintiff is able to perform one of the substantial and material duties of his occupation—performing minor surgery—he is not totally disabled, and Provident cannot be held liable for breach of contract arising out of its failure to pay him disability benefits.

■ Under California law, an insured claiming benefits has the burden of proving that he or she is entitled to coverage under the policy. *See Royal Globe Ins. Co. v. Whitaker,* 181 Cal.App.3d 532, 537, 226 Cal.Rptr. 435, 437 (1986). Interpretation of an insurance policy is a matter of law. *Waller v. Truck Ins. Exch., Inc.,* 11 Cal.4th 1, 18, 44 Cal.Rptr.2d 370, 377, 900 P.2d 619 (1995). When interpreting an insurance contract, courts are to "look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it." *Id.* A court must consider both the language in the contract as a whole and the circumstances of the case, because a policy provision "cannot be found to be ambiguous in the abstract." *Id.* 18, 44 Cal.Rptr.2d 370, 900 P.2d 619, 44 Cal.Rptr. 2d at 378. A policy provision will be considered ambiguous when it is capable of two or more reasonable constructions. *Id.* at 18, 44 Cal.Rptr. 2d at 378. Only if a policy provision is ambiguous should a court consider an insured's reasonable expectations in interpreting the provision. *AIU Ins. Co. v. Superior Court of Santa Clara County,* 51 Cal.3d 807, 822, 274 Cal.Rptr. 820, 831, 799 P.2d 1253 (1990); *Republic Indem. Co. v. Superior Court of Los Angeles County,* 224 Cal.App.3d 492, 504, 273 Cal.Rptr. 331, 339 (1990).

■ Provident contends that the definition of "total disability" is not ambiguous when read in conjunction with the other policy provisions. Provident specifically relies on the definition of "residual disability" as evidence that the "total disability" provision should be interpreted as requiring that the insured be unable to perform all of his or her significant duties. The "residual disability" provision provides in relevant part:

Residual disability or residually disabled, during the Elimination Period, means that due to Injuries or Sickness:

1. you are not able to do *one or more* of your substantial and material daily business duties or you are not able to do your usual daily business duties for as much time as it would normally take you to do them;

2. you have a Loss of Monthly Income in your occupation of at least 20%; and

3. you are receiving care by a Physician which is appropriate for the condition causing disability.

(emphasis added). Plaintiff responds by contending that this paragraph is inapplicable because the elimination period has since passed. While it is true that the above definition would not be applied to plaintiff in determining whether he is entitled to residual disability benefits because the elimination period has passed, the above definition is relevant to the court's analysis of the "total disability" provision. A comparison of the two definitions suggests that the phrase "you are not able to perform the substantial and material duties of your occupation" as used in the "total disability" definition cannot reasonably be read as "you are not able to perform one or more of the substantial and material duties of your occupation," because if such a reading was intended, the language "one or more" would have been used, as it is in the "residual disability" definition. *See Bank of the West v. Superior Court,* 2 Cal.4th 1254, 1265, 10 Cal.Rptr.2d 538, 545, 833 P.2d 545 (1992) (courts "must interpret the language in context, with regard to its intended function in the policy").

■ At oral argument, plaintiff appeared to assert for the first time that because he bought disability insurance that covered him as a board certified gynecologist and because he is now only able to perform one narrow medical activity that non-gynecologists also perform, he is entitled to total disability benefits under the policy. This argument is unavailing. First, such an argument ignores

the language of the relevant policy provisions, as discussed above, and is, in effect, a reasonable expectations argument that should not be considered given the court's finding that the "total disability" provision is unambiguous when read in the context of the entire policy. Second, even if such an argument were to be considered, a reasonable factfinder could not find in plaintiff's favor. Even if it were a fact relevant to the analysis, the record is devoid of any evidence regarding whether medical doctors other than gynecologists perform pregnancy terminations. Moreover, although pregnancy termination may be but one of many services gynecological surgeons perform,[1] the record itself demonstrates that it is a service to which plaintiff himself devoted approximately half of his time prior to the accident. Moreover, Plaintiff admitted on his application for total disability benefits that performing "minor surgery," which plaintiff admitted in his deposition encompasses pregnancy termination, was an "important duty" that he performed prior to the accident. Thus, plaintiff cannot reasonably argue that he is not getting the protection he was promised under the policy where he can continue to perform what he himself admitted is an "important duty" of a gynecological surgeon, a duty to which he previously devoted a substantial portion of his practice.

In sum, applying principles of California law applicable to the interpretation of insurance contracts, the court finds no ambiguity in the definition of "total disability" and holds that Provident did not breach the insurance contract by refusing to continue to make payments to plaintiff under the "total disability" provisions of his policies, where plaintiff continues to be able to perform one of the substantial material duties of his occupation.[2]

### *Insurance Bad Faith*

Provident also seeks summary judgment on plaintiff's bad faith claim. "The mistaken

---

**1.** It should be noted that plaintiff's own evidence suggests that plaintiff's "recognized speciality" was as a *"surgeon* board certified in obstetrics and gynecology." Plaintiff's Exhibit 24, ¶ 9 (emphasis added).

**2.** Plaintiff's reasonable expectation argument is unavailing, as courts are only to consider an

insured's reasonable expectations when the policy language is found to be ambiguous. *AIU Ins. Co. v. Superior Court of Santa Clara,* 51 Cal.3d 807, 822, 274 Cal.Rptr. 820, 831, 799 P.2d 1253 (1990); *Republic Indem. Co. v. Superior Court of Los Angeles County,* 224 Cal.App.3d 492, 504, 273 Cal.Rptr. 331, 339 (1990).

withholding of policy benefits, if reasonable or if based on a legitimate dispute as to the insurer's liability under California law, does not expose the insurer to bad faith liability." *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App.4th 1269, 1280–81, 31 Cal.Rptr.2d 433, 440 (1994). A court "can conclude as a matter of law that an insurer's denial of a claim is not unreasonable, so long as there existed a genuine issue as to the insurer's liability." *Lunsford v. American Guarantee & Liability Ins. Co.*, 18 F.3d 653 (9th Cir.1994).

Because the court concludes that Provident did not erroneously deny plaintiff benefits, plaintiff's bad faith claim must fail. However, even assuming plaintiff was erroneously denied benefits, plaintiff has failed to demonstrate the existence of a genuine issue of fact as to whether Provident acted in bad faith. Plaintiff contends that defendant had no factual justification for denying him benefits. However, assuming Provide erred in denying him benefits, this error was not based on a mistake regarding the facts surrounding plaintiff's disability fact but rather a mistake as to how the disability provision should be interpreted. Thus, Provident cannot be held liable for failure to further investigate the facts surrounding plaintiff's disability. Moreover, the court finds that as a matter of law Provident's interpretation of the total disability provision was reasonable and therefore Provident's denial of disability benefits cannot support a bad faith claim. Finally, the mere fact that Provident discontinued paying plaintiff full disability benefits even though there was no change in his condition cannot support a bad faith action where Provident had reasonable support for its change of position regarding the interpretation of the relevant policy provisions.

### *Claims for Fraud and Infliction of Emotional Distress*

The court need not address Provident's arguments regarding these claims, as plaintiff has represented to the court that he is not pursuing these claims.

### *Punitive Damages*

Under California law, punitive damages are recoverable only "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." See Cal.Civ.Code § 3294(a). Plaintiff has failed to present evidence that demonstrates a genuine issue of material fact as to whether Provident is guilty of fraud, oppression or malice. Consequently, Provident is entitled to summary judgment on the issue of punitive damages.

### *CONCLUSION*

For the reasons set forth above, the court grants Defendant's Motion for Summary Judgment and for Partial Summary Judgment.

**IT IS SO ORDERED.**