John SCAMMACCA, Plaintiff–
Appellant,

v.

ROYAL MACCABEES LIFE
INSURANCE COMPANY,
Defendant–Appellee.

No. 99–56728.

D.C. No. CV–99–00182–DOC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2001.

Decided May 9, 2001.

Before HUG, DUHÉ,* and TALLMAN,
Circuit Judges.

MEMORANDUM **

---

* Honorable John M. Duhé, Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

John Scammacca left his position as general manager of Coastal Chemical due to stress-induced physical and psychological ailments. Pursuant to his occupational disability insurance policy (the "Policy"), he submitted a claim to Royal Maccabees Life Insurance Company ("RMLIC") for total disability benefits. RMLIC denied his claim because he could perform at least one of his job functions on a part-time basis.

Scammacca sued RMLIC to recover total disability benefits and for bad faith and punitive damages. We affirm the district court's grant of summary judgment in favor of RMLIC on Scammacca's residual disability benefits, bad faith, and punitive damages claims. We reverse the district court's holding that, as a matter of law, Scammacca was not eligible for total disability benefits, and remand to the district court for trial on the underlying factual question of whether he is disabled.

I

■ We review de novo the district court's grant of summary judgment, viewing the evidence in the light most favorable to Scammacca. *See Rano v. Sipa Press, Inc.,* 987 F.2d 580, 584 (9th Cir. 1993).

A. Total Disability Benefits.

Under the Policy, Scammacca is entitled to receive total disability benefits if, "due to Accident or Sickness, [he] cannot perform the material duties of [his] regular occupation and [is] not engaged in [his] own or another occupation." Scammacca purchased a regular occupation amendment (the "Amendment") for additional consideration, however, so that he would be entitled to total disability benefits if, "due to Accident or Sickness, [he] cannot perform the substantial and material duties of [his] regular occupation." Scammacca's extra consideration bought him the right to receive total disability benefits

*even if* he was engaged in an occupation other than his regular occupation. In other words, Scammacca protected himself not just against the risk that accident or sickness would prevent him from working, but against the risk that accident or sickness would prevent him from working in his regular occupation.

■ The Policy is not a model of clarity, even as originally drafted, and the Amendment adds to the confusion. California courts have decried insurance carriers that use the same poorly drafted policies year after year to the detriment of their customers. *See Bareno v. Employers Life Ins. Co. of Wausau,* 7 Cal.3d 875, 103 Cal.Rptr. 865, 866, 500 P.2d 889 (Cal.1972). "[T]he responsibility for writing clear and simple policies lies with the insurance industry." *Id.* We interpret ambiguous language in insurance policies so that coverage extends as broadly as "semantically permissible" to "fairly achieve [the policy's] object of providing indemnity for the loss to which the insurance relates." *Reserve Ins. Co. v. Pisciotta,* 30 Cal.3d 800, 180 Cal.Rptr. 628, 632, 640 P.2d 764 (Cal. 1982); *see also Bank of the West v. Superior Court,* 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 545, 833 P.2d 545 (Cal.1992) (stating that a term must be interpreted "with regard to its intended function in the policy").

California courts have consistently interpreted total disability clauses such as the one in the unamended Policy as covering "a disability which prevents [an insured's] working with reasonable continuity in his customary occupation or in any other occupation. . . ." *Erreca v. Western States Life Ins. Co.,* 19 Cal.2d 388, 121 P.2d 689, 694 (1942); *see also Moore v. American United Life Ins. Co.,* 150 Cal.App.3d 610, 197 Cal.Rptr. 878, 888 n. 7 (Cal.Ct.App.1984) (adopting same definition). But Scammacca paid an additional premium precisely to

have the "any other occupation" language removed, so that his ability to work in his regular occupation would be protected. As modified by the Amendment, therefore, Scammacca is entitled to receive total disability benefits if he suffers "a disability which prevents his working with reasonable continuity in his customary occupation. . . ."

Scammacca's regular occupation is general manager of a large company. His "substantial and material duties" include: negotiating loans and other contracts; preparing periodic corporate reports and statements; managing personnel in the accounts payable, accounts receivable, payroll, purchasing, customer service, and administration departments; scheduling truck deliveries and truck maintenance; and supervising plant operations and maintenance.

Scammacca's physicians testified that he may be able to perform some of these duties on a part-time basis, but only a very limited number, since the stress and its attendant health consequences are caused by having to juggle several duties at once. But the essence of Scammacca's employment as general manager is to oversee full-time the functioning of the business. If he is able only to oversee the business's finances or trucking, he may be the "finance manager" or the "trucking manager," but he is not the "general manager." Similarly, as his employer told him, he might be able to perform some other job for such a company part-time, but general manager is a full-time job. To be able to work two to three days a week as a general manager is, as a practical matter, not to be able to work as a general manager at all.[1] *See Moore,* 197 Cal.Rptr. at 890 (holding that in defining total disability

"the real-world employment marketplace must be considered").

The district court's finding that Scammacca is not totally disabled because he can perform any number of jobs in the finance industry deprives Scammacca of the benefit of the Amendment for which he paid an additional premium. As long as Scammacca is not employed in his regular occupation, regardless of whether he is employed in another occupation, he may qualify as totally disabled.

The district court relied on *Dym v. Provident Life & Accident Insurance Company,* 19 F.Supp.2d 1147 (S.D.Cal. 1998), in finding that Scammacca is "not entitled to total disability benefits because he can perform at least one of the material duties of his occupation." In *Dym,* the court held the insured was totally disabled under the policy only if he was unable to perform *all* significant duties because the policy also provided for residual disability benefits if the insured was unable to perform *one or more* significant duties. *Id.* at 1150. If the total disability provision did not refer to an inability to perform all duties, it would be duplicative of the residual disability provision. *Id.* As amended, Scammacca's residual disability policy contains no such language. In fact, as RMLIC argued, it offers Scammacca no protection at all unless he remains engaged in his regular occupation. Accordingly, *Dym* is inapposite.

Scammacca's physicians say that he has stress-induced ailments that prevent him from engaging in a multi-tasked, full-time profession. The parties do not dispute that Scammacca can engage in some single-faceted, part-time employment. But if his physicians' testimony is to be

---

1. We do not today determine whether, in fact, Scammacca suffers from an ailment, or a set of related ailments, that allows him to work three days a week, but not five. Only a jury can resolve this question of fact.

credited, he cannot engage in his "regular occupation," i.e., general manager of a large corporation. It is this eventuality against which Scammacca sought to protect himself by purchasing the Policy, and by extending the Policy's coverage by paying extra money for the Amendment. The district court erred by finding as a matter of law that merely because Scammacca could perform the financial component of his job on a part-time basis, he was not totally disabled from performing the job of a general manager.

B. Residual Disability Benefits.

The amended policy offers residual disability benefits only if Scammacca is engaged in his regular occupation. Scammacca is not engaged in his regular occupation. The plain language of the residual liability provision precludes Scammacca from receiving residual disability benefits.

C. Bad Faith.

 California law is clear that withholding of benefits in conjunction with a reasonable dispute as to coverage does not constitute bad faith. *See Tomaselli v. Transamerica Ins. Co.,* 25 Cal.App.4th 1269, 31 Cal.Rptr.2d 433, 440 (Cal.Ct.App. 1994). A cause of action sounding in bad faith will, therefore, not lie unless the insurer acts "unreasonably ´or arbitrarily when dealing with the[ ] insured[ ]." *Johnson v. Mut. Benefit Life Ins. Co.,* 847 F.2d 600, 603 (9th Cir.1988) (applying California law). Although RMLIC may have erroneously denied Scammacca total disability benefits, it did not do so unreasonably or arbitrarily. RMLIC's decision is supported by a reasonable interpretation of the Policy.

Similarly, RMLIC did not turn a blind eye toward, or overlook due to dilatoriness, facts or information supporting Scammacca's claim. *See Mariscal v. Old Republic Life Ins. Co.,* 42 Cal.App.4th 1617, 50 Cal.

Rptr.2d 224, 225 (Cal.Ct.App.1996) ("When investigating a claim, an insurance company has a duty to diligently search for evidence which supports its insured's claim."). RMLIC thoroughly investigated Scammacca's claim and determined, based on its reasonable interpretation of the Policy, that he was not eligible to receive total disability benefits. Under California law, an insurer discharges its duty of good faith if it investigates thoroughly until a genuine dispute over liability arises; once such a dispute arises, it need investigate no further. *See Brinderson–Newberg Joint Venture v. Pacific Erectors, Inc.,* 971 F.2d 272, 283 (9th Cir.1992) (applying California law).

After conducting a thorough investigation, RMLIC denied Scammacca's claim for total disability benefits based on a reasonable interpretation of the Policy. We affirm the district court's holding as a matter of law that RMLIC did not act in bad faith by denying Scammacca's total disability claim.

D. Punitive Damages.

 California law provides for punitive damages to punish and deter intentional conduct that consciously disregards the property, rights, or safety of others. *See* Cal. Civ.Code § 3294; *see also Neal v. Farmers Ins. Exch.,* 21 Cal.3d 910, 148 Cal.Rptr. 389, 395, 582 P.2d 980 (Cal.1978). To merit an award of punitive damages, Scammacca must show that RMLIC not only acted in bad faith but also acted with malice, oppression or fraud. *See Mock v. Michigan Millers Mut. Ins. Co. .,* 4 Cal. App.4th 306, 5 Cal.Rptr.2d 594, 607 (Cal. Ct.App.1992). There is no evidence in the record of malice, oppression, or fraud. We affirm the district court's holding that, as a matter of law, Scammacca cannot recover punitive damages.

## II

We hold that if the trier of fact determines that Scammacca suffers from a disability which prevents him from working full-time, in a multi-tasked management position, he is eligible as a matter of law to receive total disability benefits under the Policy. Whether he is in fact disabled in this manner is a determination for a jury to make on remand. We reverse the district court's holding that Scammacca is not entitled as a matter of law to receive total disability benefits. We affirm the district court's holdings that Scammacca is not entitled to receive residual disability benefits, that RMLIC did not act in bad faith, and that Scammacca cannot recover punitive damages. Each party shall bear the costs that it incurred in this appeal.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.