# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1741

_____

| | | |
|---|---|---|
| Douglas McOsker, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Paul Revere Life Insurance Company, | * | District of Missouri. |
| | * | |
| Appellee. | * | |

_____

Submitted: December 10, 2001

Filed: February 1, 2002

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Douglas McOsker, who had been president of Total Copy Systems, claiming that he was totally disabled due to severe depression, brought this action under ERISA, *see* 29 U.S.C. § 1132(a)(1)(B), to recover under a policy that Paul Revere Life Insurance Company issued as part of an employee benefit plan. The district court, after a trial to the court, entered judgment in favor of Paul Revere, and Mr. McOsker appealed. We reverse.

## I.

Under the Paul Revere policy at issue, as relevant, Mr. McOsker was totally disabled if "because of Injury or Sickness" he was "unable to perform the important duties of [his] Occupation." In 1995, Mr. McOsker produced evidence to Paul Revere that it accepted as proof that he was totally disabled due to severe depression, and it paid him corresponding benefits for about two years until it decided that he was no longer eligible to receive them. The change of mind came after Dr. James McLaughlin, a psychologist who had been treating Mr. McOsker's depression, terminated his treatment, having determined that, though Mr. McOsker could not manage or be responsible for people because of the stress involved, he could "nevertheless return to work but not at pre-disability level of functioning." A few months later, Dr. John L. Bean opined to Paul Revere that Mr. McOsker was still suffering from severe depression and that it was unknown when he could return to work, but Paul Revere refused to resume payments because the company's medical staff determined that Dr. Bean's records did not contain any restrictions that would prevent Mr. McOsker's return to work.

In a *de novo* review of Paul Revere's decision, *see Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Galman v. Prudential Ins. Co. of America*, 254 F.3d 768, 770 (8th Cir. 2001), the district court held that in order to recover benefits for total disability under the Paul Revere policy, Mr. McOsker must be unable to perform any of the important duties of his position; that is, he was obligated to show that his disability prevented him from performing all of those duties, not just some of them. While the policy may not say so *in ipsis verbis*, we think that the district court's construction of it is the only one that comports with both reason and authority.

The circumstance that in our minds most plainly supports this interpretation is that the policy allows for benefits for "Residual Disability" when the insured is "unable to perform one or more of the important duties" of his or her occupation. It

-2-

is evident to us that a person who can perform some but not all of his or her important duties has a "Residual Disability" within the meaning of the policy, and that therefore in order to be eligible for total disability payments a person would be required to show that he or she was unable to perform any of those important duties. We believe that it is not otherwise possible to give effect to both parts of the contract.

Such a construction, moreover, conforms with the result reached by other courts that have been faced with interpreting identical or substantially identical contract language. *See*, *e.g.*, *Yahiro v. Northwestern Mut. Life Ins. Co.*, 168 F. Supp. 2d 511, 517-18 (D. Md. 2001)*; Dym v. Provident Life and Accident Ins. Co.*, 19 F. Supp. 2d 1147, 1149-50 (S. D. Cal. 1998); *see also Giampa v. Trustmark Ins. Co.*, 73 F. Supp. 2d 22, 27-29 (D. Mass. 1999). We think that it is significant that Mr. McOsker refers us to no cases holding the contrary.

## II.

Having correctly construed the policy, the district court went on to hold that Mr. McOsker was not totally disabled because he was in fact able to perform some of the important duties of his position. We review this factual determination for clear error. *See Gander v. Livoti*, 250 F.3d 606, 611 (8th Cir. 2001).

We think it important to note in beginning our consideration of the evidence in this case that Paul Revere's initial determination that Mr. McOsker was totally disabled was based on Dr. Bean's opinion that, due to major depression, Mr. McOsker was unable to perform any of a list of important duties that Mr. McOsker had provided to the doctor. Mr. McOsker listed his duties as sales management, inventory management, establishing policy, and making administrative decisions, each of which categories he went on to describe in a detailed way.

The district court, in deciding the matter in Paul Revere's favor, relied heavily on the fact that when he terminated Mr. McOsker's treatment in 1997 Dr. McLaughlin

opined that Mr. McOsker "could return to work but not at pre-disability level of functioning." We note, first, the highly ambiguous character of this opinion: Dr. McLaughlin might have been saying that Mr. McOsker could not work at his previous "level" (*i.e.*, in a management capacity), or that he could perform all of his important duties but not with the same efficiency as before, or that he could perform some of the important duties of his job. While it is not impossible that Dr. McLaughlin was intending to say that Mr. McOsker could perform some of the important duties of his job (which is evidently how the district court interpreted Dr. McLaughlin's reports), we believe it much more probable that Dr. McLaughlin meant instead that Mr. McOsker could work in some capacity but not in a managerial position like the one he previously occupied.

It is important to note that before he discharged Mr. McOsker, Dr. McLaughlin had been saying at regular intervals for over a year that Mr. McOsker could not return to the work "at [his] old employment level." When he terminated Mr. McOsker's treatment, Dr. McLaughlin opined that his patient "cannot manage or be responsible for people due to severe stress inherent in managerial responsibility." This opinion does not vary significantly from the opinions that Dr. McLaughlin had already been rendering and on the basis of which Paul Revere had been paying benefits for some time, which suggests to us that Mr. McOsker was still totally disabled within the meaning of the relevant policy at the time that Dr. McLaughlin terminated his treatment. We are not suggesting that paying benefits operates forever as an estoppel so that an insurer can never change its mind; but unless information available to an insurer alters in some significant way, the previous payment of benefits is a circumstance that must weigh against the propriety of an insurer's decision to discontinue those payments.

Paul Revere argues that some of the detailed duties that Mr. McOsker had listed as important to his job did not involve management, but only, for instance, deciding what inventory to order and making corporate policy. But in our view,

-4-

Dr. McLaughlin's assessment was not merely that his patient was unable to manage people in a direct way; Dr. McLaughlin was also saying that his patient was unable to make decisions that affected the future of employees in a significant way. Our confidence in this interpretation of the doctor's opinion is bolstered by his observation that Mr. McOsker had expressed regret that "he had run a company in the ground and he knew that he was responsibile for the employees losing their jobs." It was, in other words, duties that carried significant consequences for others that Mr. McOsker was still unable to perform, even after Dr. McLaughlin discharged him; and all of Mr. McOsker's duties were of that variety.

Paul Revere points to the fact that Dr. McLaughlin said that Mr. McOsker "could be involved in sales," and it argues that since Mr. McOsker said that "sales" was one of his job duties, the district court could have reasonably concluded that Mr. McOsker was not totally disabled. In the first place, the district court did not rely on this argument to support its conclusion. More important, we are unable to locate anything in the record to indicate that Mr. McOsker ever said that sales was one of his important job duties. The list that he provided in support of his initial application, on the basis of which Dr. Bean had found him totally disabled and Paul Revere had begun paying benefits, mentioned sales management, not merely sales, as an important duty.

None of the other evidence relied on by the district court, moreover, it seems to us, contributes significantly to a conclusion that Mr. McOsker was no longer totally disabled within the meaning of Paul Revere's policy. While Mr. McOsker's condition certainly improved, and Dr. McLaughlin concluded that he was no longer "severely depressed," we think it important to note that, so far as we can discern from the record, Paul Revere never showed Dr. McLaughlin a list of Mr. McOsker's important job duties and asked him whether Mr. McOsker could perform any of them. When one adds to the factual mix Dr. Bean's opinion that Mr. McOsker was still totally disabled in 1997, after Dr. McLaughlin terminated his treatment, and it was

Dr. Bean who had had the relevant list of duties before him for some time, we think it highly probable that Mr. McOsker was still entitled to benefits.

We have recently had occasion to remark that in determining whether an insurer has properly terminated benefits that it initially undertook to pay out, it is important to focus on the events that occurred between the conclusion that benefits were owing and the decision to terminate them. *See Walke v. Group Long Term Disability Ins.*, 256 F.3d 835, 840 (8th Cir. 2001). When we turn to the record in this case with that principle in mind, we are left with "a definite and firm conviction that a mistake [was] committed," *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948), *quoted in Lincoln Benefit Life Co. v. Edwards*, 243 F.3d 457, 464 (8th Cir. 2001) (*per curiam*), when the district court found that Mr. McOsker was not totally disabled and rendered judgment in Paul Revere's favor on that basis.

### III.

For the reasons indicated, we reverse the judgment of the district court and remand for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-