**Holly FALIK, Plaintiff,**

v.

**The PENN MUTUAL LIFE INSURANCE COMPANY, Defendant.**

No. 00–CV–1336.

United States District Court, E.D. Wisconsin.

May 8, 2002.

---

Jordan M. Lewis, Siegel Brill Greupner Duffy & Foster, Milwaukee, WI, for plaintiff.

Paul E. Benson, James Patrick Thomas, Matthew S. MacLean, Michael Best & Friedrich, Milwaukee, WI, for defendant.

## DECISION AND ORDER

RANDA, District Judge.

Holly Falik, M.D. ("Dr.Falik") brought suit against Penn Mutual Life Insurance Company ("Penn Mutual") alleging breach of contract, bad faith, and breach of fiduciary duty arising out of Penn Mutual's decision to discontinue payment of long-term disability benefits. Penn Mutual moved for summary judgment, and on March 7, 2002, the Court issued a Decision and Order which granted the motion with respect to the bad faith and breach of fiduciary claims but denied the motion as to the breach of contract claim. Penn Mutual now moves the Court to reconsider that portion of the Court's decision which held that Dr. Falik's breach of contract claim survived summary judgment. For the reasons stated below, this motion is granted

Penn Mutual's motion to reconsider is properly brought under Fed.R.Civ.P. 59(e) as a "Motion to Alter or Amend Judgment."[1] In its motion for summary judgment, with respect to Dr. Falik's breach of contract claim, Penn Mutual argued that "based on the interplay between the total and residual disability definitions in Dr. Falik's policy, she cannot qualify for total disability, and accordingly, Penn Mutual is not in breach for failure to advance these payments." *Falik v. Penn Mutual Life Ins. Co.*, 190 F.Supp.2d 1156, 1161–62 (E.D.Wis.2002). Specifically, Penn Mutual argued that because Dr. Falik admitted that she could perform "some but not all of the substantial and material duties" of her regular occupation as a pediatric physician as required by the definition of residual disability, she therefore could not, as a matter of law, qualify for total disability benefits.

Penn Mutual cited *Dym v. Provident Life and Accident Ins. Co.*, 19 F.Supp.2d 1147 (S.D.Cal.1998) in support of this argument. The court in *Dym*, interpreting a policy with similar language, held that the insured was not entitled to total disability benefits because he met the policy's definition of residual disability. The Court rejected Penn Mutual's argument, however, and held that the analysis of *Dym* was inapplicable to the case at bar because the policy at issue in *Dym* had a slightly different definition of residual disability. To qualify for residual disability benefits, Dr. Falik's policy also requires that the insured be working and earning a salary which does not exceed 80% of pre-disability earnings. The policy in *Dym* did not have this additional requirement. Therefore, because Dr. Falik was not working, she was not entitled to residual disability benefits, and thus, the Court held, she was not as a matter of law precluded from receiving total disability benefits.

Upon reconsideration, this distinction was in error. The difference between the language of the policies in *Dym* and the case at bar does not dictate the Court's previous result. The key consideration is as Penn Mutual framed it: "the interplay between the Policy's definition of total and residual disability." Penn Mutual's Motion for Reconsideration, p. 1. The definition of total disability in Dr. Falik's policy includes the requirement that the insured be "*unable* to perform the substantial and material duties of [his or her] regular occupation." By contrast, the definition of re-

---

1. For purposes of the Federal Rules of Civil Procedure, the motion was filed within ten days of the entry of judgment. *See* Rule 59(e) ("motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.") *See also* Fed.R.Civ.P. 6(a) (computation of time when period of time prescribed or allowed is less than 11 days.)

sidual disability includes the requirement that the insured be *"able to do some but not all* of the substantial and material duties of [his or her] regular occupation." The wording of these definitions, taken together, implies that if the insured *can* perform *some but not all* of the substantial and material duties of his or her regular occupation (as is undisputed in this case), the insured *could only* be entitled to residual disability, *not* total disability. In other words, because it is undisputed that Dr. Falik *is able* to perform some but not all of the substantial and material duties of her regular occupation (as required to be residually disabled), she clearly is *not unable* to perform the substantial and material duties of her regular occupation (as required to be totally disabled). Therefore, she could only be entitled to residual disability (if she were working), and because her breach of contract claim is for total disability benefits only, Penn Mutual is entitled to judgment as a matter of law.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

1. Penn Mutual's motion to alter or amend is GRANTED, such that the Court's March 7, 2002 Decision and Order denying Penn Mutual's motion for summary judgment with regard to Dr. Falik's breach of contract claim is VACATED to that extent.

2. Penn Mutual's motion for summary judgment is GRANTED, and this matter is DISMISSED in its entirety.

SO ORDERED,