2003 ME 8

Richard A. GIUSTRA

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA et al.

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 26, 2002.

Decided: Jan. 22, 2003.

Richard A. Guistra, Brunswick, for plaintiff.

Byrne J. Decker, Pierce Atwood, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] Richard A. Giustra appeals from a summary judgment entered for UNUM Life Insurance Company of America and Paul Revere Life Insurance Company in the Superior Court (Cumberland County, *Humphrey, J.*). Giustra argues that the court erred in determining that he is not totally disabled as that term is defined in one of the policies issued by Paul Revere Life Insurance Company. Although Giustra remains able to evaluate patients in his office and perform minor surgeries, he contends that he meets the policy definition for "total disability," because he is unable to perform major surgery, the most economically important duty of his practice. Because the court did not err in determining that Giustra was not totally disabled as that term is defined in the policy, we affirm the judgment.

## I. PROCEDURE AND FACTS

[¶ 2] In 1982, Giustra obtained a business overhead expense disability insurance policy from Paul Revere Life Insurance Company of America. In 1999, Giustra filed a claim with Paul Revere under this policy, stating that he was suffering from severe depression and was totally disabled. Paul Revere denied his claim and also denied a claim Giustra made under a separate income disability policy.

[¶ 3] Giustra filed a complaint for the wrongful denial of total disability benefits under both policies against Paul Revere and against UNUM, which had also denied a claim under a disability policy that it had issued. Paul Revere and UNUM moved for summary judgment. The court granted the motion, concluding that Giustra's

claims under the UNUM policy and the income disability policy issued by Paul Revere were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 (1985 & Supp. 1993). With regard to the business overhead disability policy, the court determined that there were disputed facts material to the ERISA preemption issue, but that the undisputed facts demonstrated that Giustra was not totally disabled within the definitions of that policy.

[¶ 4] The undisputed facts from the parties' statements of material fact demonstrate that Giustra is an orthopedic surgeon who suffered from depression. He stopped handling emergency room duty in March 1999. His psychiatrist, Dr. Miles Simmons, in June 1999, determined that Giustra could do patient exams and minor surgery but should not perform major surgery. Giustra acknowledged that evaluating patients in the office and performing minor surgeries were important duties in his orthopedic practice, but they were not duties that financially sustained his practice.

## II. DISCUSSION

■ [¶ 5] Giustra has not included in his brief any argument of the ERISA preemption issue on which the Superior Court based the grant of summary judgment to the defendant insurance companies on two of the policies. We conclude, therefore, that he has failed to preserve the ERISA preemption issue. *Holland v. Sebunya*, 2000 ME 160, ¶ 9 n. 6, 759 A.2d 205, 209. The only issue that Giustra has preserved is his claim under the Paul Revere business overhead disability policy.

■ [¶ 6] In reviewing a summary judgment, we look at the facts in the light most favorable to the nonprevailing party to determine if the court erred in its interpretation of the insurance policy. *Pelkey v. Gen. Elec. Capital Assurance Co.*, 2002 ME 142, ¶ 10, 804 A.2d 385, 387. We review de novo the interpretation of the insurance contract. *Id.* It is well established that we only consider those facts set forth in the parties' statements of material facts. *Dumont v. Fleet Bank of Me.*, 2000 ME 197, ¶ 13, 760 A.2d 1049, 1053.

[¶ 7] The Paul Revere business overhead disability policy contains definitions including the following:

"Total Disability" means that because of Injury or Sickness:

a. You are under the regular and personal care of a Physician; and

b. You are completely unable to perform the important duties of Your regular occupation.

"Partial Disability" means that because of Injury or Sickness:

a. You are under the regular and personal care of a Physician; and

b. You are either:

(1) Unable to perform the regular daily duties of Your occupation at least one-half of the time usually required; or

(2) Unable to perform one or more important regular duties of Your occupation.

[¶ 8] There is no dispute that Giustra meets the first requirement of total disability because he suffers from depression and is under the care of a physician.[1] The only dispute is whether his inability to perform major surgery renders him totally disabled under the policy definition even though he can perform minor surgery and

---

1. Giustra has not argued that either these terms or the term "occupation" are ambiguous.

patient evaluations.[2] Giustra argues that because he is unable to do major surgery, which is what sustains his practice financially, he is unable to perform "the important duties" of his occupation.

■ [¶ 9] The policy definition of "total disability," which refers to "the" important duties of Giustra's occupation, must be read in the context of the entire policy. Because the policy also provides for lesser benefits for partial disability, which is defined as being unable to do "one or more" of the important regular duties of his occupation, total disability refers to something more debilitating. "The important duties" of an orthopedic surgeon must, therefore, be interpreted as meaning "all of the important duties." If the phrase "the important duties" was construed to mean "one of the important duties," it would mean the same as "partial disability," and such interpretation would be unreasonable. We conclude that as long as Giustra is able to do one or more of the important duties of an orthopedic surgeon, he is not totally disabled under this policy. *See Falik v. Penn Mut. Life Ins. Co.,* 204 F.Supp.2d 1155, 1156–57 (E.D.Wis.2002) (granting summary judgment to insurance company against pediatrician who was able to perform some of the substantial and material duties of her occupation and discussing interplay between total and residual disability definitions in policy); *Yahiro v. Northwestern Mut. Life Ins. Co.,* 168 F.Supp.2d 511, 512–16 (D.Md.2001) (granting summary judgment to insurance company against orthopedic surgeon who became unable to do surgery, a principle duty of his occupation, but was able to perform other important duties such as nonsurgical diagnostic tests and treatment).

[¶ 10] In this case, the court properly found that Giustra was not totally disabled within the meaning of the Paul Revere business overhead disability policy.

The entry is:

Judgment affirmed.

---

2. According to Paul Revere, Giustra could only become eligible for partial disability benefits after a period of total disability.