**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-1040**

_____

JOHN E. CONWAY,

Plaintiff - Appellant,

versus

THE PAUL REVERE LIFE INSURANCE COMPANY,

Defendant - Appellee,

and

PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY;
PROVIDENT LIFE INSURANCE COMPANY,

Defendants.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Lacy H. Thornburg,
District Judge.  (CA-99-150)

_____

Submitted:  July 1, 2003              Decided:  July 25, 2003

_____

Before LUTTIG and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

Brenton D. Adams, BRENT ADAMS & ASSOCIATES, Dunn, North Carolina, for Appellant. Erna A.P. Womble, Jack M. Strauch, George K. Evans, Jr., WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John E. Conway appeals the district court's order granting summary judgment in favor of Paul Revere Life Insurance Co. ("Paul Revere") on his claims related to a disability income policy under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1001-1461 (2000).

We review an award of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We view the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

We have reviewed the parties' briefs, the joint appendix and the district court's order and find no reversible error. The district court properly concluded Conway was not totally disabled within the meaning of the Plan because Conway was able to perform the important duties of his occupation. See McOsker v. Paul Revere Life Ins. Co., 279 F.3d 586, 588 (8th Cir. 2002). We also conclude the district court did not abuse its discretion when it failed to strike Paul Revere's motion for summary judgment. Accordingly, we affirm on the reasoning of the district court. See Conway v. Paul Revere Life Ins. Co., No. CA-99-150 (W.D.N.C. filed Dec. 6, 2002;

3

entered Dec. 9, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4